DOUGHERTY, Respondent, v. WHITEHEAD, Appellant.

1. A fact stated in a motion to a court below is no evidence to the supreme court of the existence of such fact. If the facts stated in the motion did occur on trial, the party should have excepted and filed his bill of exceptions, which is the only evidence of their existence.
2. Bill of exceptions; what it should contain.
3. Where one man at the request of another performs beneficial services for him, unless it is agreed, or it can be so inferred from the circumstance that the services were to be rendered without compensation, the law, in the absence of any express contract, will imply a promise on the part of him for whom the services were rendered to pay for them what they are reasonably worth.
4. Principal bound by the acts of his agent.

*Appeal from Stoddard Circuit Court.*

The instruction given by the court below and referred to in the opinion of the court is in these words: "If the jury believe from the testimony in this cause that William A. Whitehead received the notes specified in the receipt mentioned in plaintiff's petition, and agreed therein to collect said notes or account for the same, then and in that case it devolves upon said Whitehead to account for the same, either in money, the return of said notes, or copies of judgments, with the evidence that the money could not be made by the use of reasonable diligence."

*Jno. W. Noell*, for appellant.

I. The court erred in the instruction given. The receipt of defendant was for notes put in his hands for collection, and in such case he was only bound for what he actually collected, or what was lost by wilful misconduct or negligence. The contract on the part of Whitehead to collect was gratuitous; no compensation was fixed or agreed on. Then, in each case, the *onus* was on the plaintiff to prove the collection, or prove the wilful negligence or misconduct of defendant, whereby the plaintiff was damaged. The instruction given was therefore wrong. The instruction refused, or one embodying the same proposition in different phraseology should, have been given. (Story Bail. 182.)

SCOTT, Judge, delivered the opinion of the court.

This was an action growing out of a receipt given by the defendant, Whitehead, to the plaintiff, by which the defendant undertook to collect a great many small notes for the plaintiff. After the receipt had been read in evidence, there was some testimony given of a settlement between the defendant and Lemuel H. Jackson, who, it was alleged, was an agent for the plaintiff.

The court gave an instruction defining the liability of the defendant under his receipt, and refused the following instruction asked by the defendant: "If the jury believe from the testimony that the agent of the plaintiff settled with defendant, their finding must be controlled by and according to such settlement." We are of the opinion that the evidence required that this instruction should have been submitted to the consideration of the jury. The fact that Jackson held the receipt was a strong circumstance, unless it was explained, in support of the view, that he was an agent.

In his motion for a new trial, among others, the defendant stated as reasons therefor that the court excluded evidence offered to prove that Jackson was an agent for the plaintiff, and as agent had settled the matter in controversy with the

Dougherty v. Whitehead.

defendant, and that the court misdirected the jury in instructing them to disregard the evidence of James Eaker.

A fact stated in a motion to the court is no evidence in this court of the existence of such fact. If the facts stated in the motion did occur on the trial, the defendant should have excepted and filed his bill of exceptions, which is the only evidence of their existence. Having failed to do this, the action of the court below cannot be reviewed in the appellate tribunal. While on the subject of bills of exceptions, it may be as well to state that the law now only allows one bill of exceptions. The matters excepted to during the trial are noted at the time, and after the trial is over and the motion for a new trial or other appropriate motion is overruled, a bill of exceptions is prepared stating the matters excepted to in the order in which they occurred during the trial. The evidence is stated, or so much as is material to show that the instructions asked were warranted, then the instructions and the motion for a new trial or other motion, all of which is authenticated by the signature of the judge so as to make but one bill containing all the matters to which exceptions have been taken just in the order in which they occurred on the trial.

There was nothing in the objection made here that the undertaking of the defendant was without consideration, and therefore no action will lie against him for failing to perform it. Where one man at the request of another performs beneficial services for him, unless it is agreed or it can be so inferred from the circumstances that the services were to be rendered without compensation, the law, in the absence of any express contract, will imply a promise on the part of him for whom the services were rendered to pay for them what they are reasonably worth.

The other judges concurring, the judgment will be reversed and the cause remanded.