HARRY ATCHISON, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, May 13, 1902.**

1. **Bill of Exceptions:** BILL OF EXCEPTIONS MUST BE EMBRACED IN ONE STATEMENT: MANDATORY RULE: STATUTORY CONSTRUCTION. The last clause of section 728, Revised Statutes 1899, in respect to filing exceptions, which provides that, "All exceptions taken during the trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions," is mandatory, and contemplates that the final bill of exceptions shall be embraced in one document.

2. ———: ———: JURISDICTION OF JUDGE IN SIGNING BILL OF EXCEPTIONS: PRACTICE, TRIAL: PRACTICE, APPELLATE. When a judge approves and signs a part of a bill of exceptions and orders the same to be made a part of the record, he exhausts his jurisdiction in respect to signing a bill of exceptions, and can not thereafter sign a *remainder*, supplemental or additional bill of exceptions.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*F. Houston* for appellant.

(1) The original brief of respondent (filed in January) is divided in two parts, embracing three contentions; first, that the judgment should be affirmed because appellant had not filed its abstract of record in time; second, that the motion for new trial filed in this cause laid the venue in Jackson county; and that the abstract as filed is imperfect, incomplete, unintelligible, contains material matters not in the record,

and is a document not known to the law, and fails to show jurisdiction in this court, or in the court below. (2.) The second additional abstract of respondent served March 29, 1902, threshes the old straw over again, and endeavors to distract the attention of the court and divert its attention from the real and serious questions involved as set out and argued in appellant's brief, without even attempting to answer a single one of them, and asks this court to now determine this cause upon these three trivial and unimportant matters, to-wit: first, that there was no proper bill of exceptions filed; second, that the abstract of the record does not show the filing of the petition; and third, that the caption of the cause laid it in Jackson county. (3) The third and principal contention of respondent's counsel is based on the assertion that no proper bill of exceptions was filed in this cause; that the abstract shows that two bills of exception were filed, one April 23, the other April 29. This is incorrect.

*P. H. Cullen, R. D. Rodgers* and *E. S. Gantt* for respondent.

(1) As to appellant's alleged objections to the jury, we deem it a sufficient answer thereto to say that there is nothing in the bill of exceptions showing or tending to show that any motion was filed or overruled, or that any exception was ever made or saved to the action of the trial court as to any ruling it made with reference to the jurors on the panel to try this case. In Dougherty v. Whitehead, 31 Mo. 257, the court says: "A fact stated in a motion to the court is no evidence in this court of the existence of such fact. If the fact stated in the motion did occur on the trial, the defendant should have excepted and filed his bill of exceptions, which is the only evidence of their existence. Having failed to do this, the action of the court below can not be reviewed in the appellate tribunal." To same effect are: City of St. Joseph v. Ens-

worthy, 65 Mo. 628; Harris v. Bartlett, 51 Mo. 170; Case v. Fogg, 46 Mo. 46; Mortland v. Holton, 44 Mo. 64; Wilson v. Haxby, 76 Mo. 345; Bateson v. Clark, 37 Mo. 34. (2) In the last case the court said: "Exception is matter which arises wholly from the action of the court in the progress of the trial, as the admission or rejection of evidence, the sustaining or overruling some motion, the giving or refusing instruction. It is indispensably necessary that a bill of exceptions be properly authenticated. If not, it will not be examined or considered." Reno v. Fitz Jarrell, 163 Mo. 411; Hyde v. Kent, 66 N. W. 39; McFadden v. Owens, 49 N. E. 1058.

BLAND, P. J.—A rehearing was granted in this cause with leave to appellant to file amended abstracts of record. This has been done, showing that the motion for new trial was filed in proper time, the date of the filing of the petition and the answer, and that certain extensions of time to file bill of exceptions were granted by the court. These additional abstracts show that on the twenty-fifth day of April, 1901, being the last day of the January term, 1901, of the Audrain Circuit Court, and within the time granted to file bill of exceptions, the following proceedings were had in open court:

Defendant tendered to the court so much of his bill of exceptions as was prepared by the court stenographer, including all the evidence taken at the trial, which partial bill of exceptions was signed by the court. The court ordered said bill to be filed and made a part of the record in the case and thereupon granted defendant ten days to file the *remainder* of its bill of exceptions. Afterwards, to-wit, on the twenty-ninth day of April, 1901, defendant filed the *remainder* of its bill of exceptions. Plaintiff in his additional abstracts denies that there is any record entry showing that the *remainder* of the bill of exceptions was filed in the cause on the twenty-ninth day of April, or on any other day.

Supposing defendant's abstracts to be correct, then we

have this state of facts in respect to the bill of exceptions, to-wit: On April twenty-third an incomplete bill of exceptions was, in open court, examined, approved and signed by the judge and ordered to be made a part of the record (what this incomplete bill actually contains is left to conjecture); six days after the filing of the incomplete bill, what the defendant terms the *remainder* of its bill of exceptions was examined, approved and signed by the judge in vacation and filed by the clerk of the court. The appeal had been allowed before either of these transactions took place and the only jurisdiction retained over the cause by the circuit court or the judge thereof was to sign the bill of exceptions, which jurisdiction was retained by virtue of the orders extending the time in which the bill might be signed and filed.

The last clause of section 728, Revised Statutes 1899, in respect to filing exceptions provides that, "All exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions." This is a mandatory provision and contemplates that the final bill of exceptions shall be embraced in one document. If it does not mean this, and a part of the bill may be signed and filed at one time and the remainder at another, then the court may sign, file and make a part of the record a separate bill of exceptions for every exception that is taken in the progress of the trial and thus reintroduce the pernicious and confusing practice that the statute was designed to abolish. The designation of the second filing of a partial bill of exceptions as the *remainder* of the bill is a mere subterfuge designed to hide the fact that there were filed in the court two incomplete bills of exceptions, a practice that is clearly not presumable under the statute, supra.

We think when the judge approved and signed the paper presented to him on April twenty-third as a bill, or a part of a bill of exceptions, and ordered the same to be made a part of the record, he exhausted his jurisdiction in respect to signing

a bill of exceptions and could not thereafter sign a *remainder,* supplemental or additional bill of exceptions. The original and additional abstracts filed by defendant show conclusively that there has not been a full and complete and properly authenticated bill of exceptions filed in the cause, hence, the record of the trial is not before us for review. As to the record proper no error is assigned.

It follows that the judgment should be affirmed. It is so ordered. *Barclay* and *Goode, JJ.,* concur.