PACE, Respondent, v. ROBERTS, JOHNSON & RAND SHOE COMPANY, Appellant.

St. Louis Court of Appeals, December 15, 1903.

1. **PRACTICE: Bill of Exceptions: Term Bills.** Under sec. 728, R. S. 1899, it is proper to preserve exceptions by proper bill at the term at which the ruling, the subject of the exception, is had, and to incorporate such term bills in the final bill of exceptions taken as a step for appeal of the cause.

2. ———: **Instructions to Jury: When Given.** An instruction may be given at any time during the consideration of the case by the jury, provided the instruction announces a correct proposition of law, applicable to the facts of the case, is given in open court and affords the opposing parties an opportunity to know its contents and note exceptions thereto, or ask further explanatory instructions.

3. ———: **Instructions: Comment Upon Evidence.** In an action by a trustee in bankruptcy to recover a preference, an instruction which advises the jury of the amount claimed by plaintiff as the reasonable value of the merchandise asserted to constitute the preference, is erroneous because it is a comment upon the evidence and tends to make too conspicuous one feature of the case concerning an issue to be determined by the jury.

4. **BANKRUPTCY: Adjudication by Referee: Absence of Judge.** The absence of the federal judge from the district, or the division of the district, is a condition precedent to the lodging of authority in the referee in bankruptcy to adjudge one a bankrupt.

5. ———: ———: ———. The absence of the judge from the district or the division of the district, is a jurisdictional fact, which must appear by affirmative evidence and no presumptions can be indulged in respecting it.

6. ———: ———: **Preference: Instruction: Pleading.** In an action by a trustee in bankruptcy to recover a preference, where the petition alleges a transfer of merchandise as constituting the preference, an instruction which tells the jury that if they find for plaintiff, they will render a verdict for the value of the property, money or both, is erroneous as not in conformity with the pleading.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

REVERSED AND REMANDED.

*Virgil Rule* for appellant.

(1) There is no evidence to sustain the verdict. (a) Because there is no proof that H. U. Williams was legally adjudicated a bankrupt, there being no evidence in the record that the judge was absent from the district or the division of the district in which the petition was pending. Bankruptcy Act, chap. 4, sec. 18. Or even that the petition had been referred to the referee by the clerk of the court. Loveland on Bankruptcy, p. 91, sec. 29; Bankruptcy Act, sec. 38, subd. 1; See Forms 12 and 15 of Official Forms in Bankruptcy. (b) Because there

is no evidence in the record that respondent obtained a preference or that a preference was intended. Bankruptcy Act, sec. 60a; In re Hapgood, 2 Low. 200. (2) The court erred in giving instruction No. 6 because under the allegations of the petition, plaintiff was only entitled to recover, if at all, the value of the merchandise transferred to defendant. Waldhier v. Railroad, 71 Mo. 514; Wolfe v. Supreme Lodge, 160 Mo. 675; Holwerson v. Railroad, 157 Mo. 216; Wright v. Fonda, 40 Mo. App. 634. (3) The court erred in giving instruction No. 9, for the reason that said instruction was given against the objection of appellant after the jury had retired to their jury room, and after they had been fully instructed as to the measure of damages, and because it was given in the absence of appellant's attorney, and is not based on any evidence in the record.

*Lee W. Grant* and *P. B. Kennedy* for respondent.

(1) All the exceptions taken during the trial of a cause or issue before the same jury shall be embodied in the same bill of exceptions. R. S. 1899, sec. 728. On March 28, the appellant presented his first bill of exceptions, having elected to present such a bill concerning matters occurring during the trial of the cause, and the same having never been withdrawn, he had no right to present a second bill of alleged exceptions. Dougherty v. Whitehead, 31 Mo. 255. The provisions of our statutes relating to bills of exceptions have been strictly construed and the Supreme Court and the Courts of Appeals have declared in several cases that even the parties can not waive its provisions. Cox v. Bright, 65 Mo. App. 417; Geo. Knapp, etc., Co. v. Am. Refrigerator Mfg. Co., 127 Mo. 499. The trial court had no right to allow the last bill to be filed, nor has this court any right to consider it as a part of the record, unless it chooses to disregard the legislative will as expressed in statutes. (2) No objection having ever been raised in the trial

court to the sufficiency or competency of the referee's certification of adjudication, the original of which was in his office, appellant will not be allowed to raise the question here. Claflin v. Sylvester, 99 Mo. 276; Haniford v. Kansas City, 103 Mo. 172; Gorham v. Railroad, 113 Mo. 408. Moreover the adjudication by the referee was a judicial act and all reasonable intendments will be indulged in favor of the regularity of judicial proceedings. Walter v. Cathcart, 18 Mo. 75; Patton v. Williams, 74 Mo. App. 451; Fields v. Wabash, 80 Mo. App. 603. (3) The appellants saved no exception to the giving of the instruction on measure of damages, which was given at the request of the jury, at the time the instruction was actually given. Nor could he, by running hastily out of the room when the court announced that he intended to give it, save himself from this necessity. It has been the settled law in this State for sixty years that exceptions to rulings on evidence and the giving of instruction, must be taken and saved at the time of the supposed wrongful action of the court. Robinson v. Shepard, 8 Mo. 136; Dozier v. German, 30 Mo. 216.

### STATEMENT.

This is an action under the bankrupt act for recovery of an alleged preference, obtained by defendant corporation, as a creditor of H. U. Williams, a bankrupt. The petition, commendably concise, is as follows:

"Plaintiff states that on May 22, 1902, a petition in bankruptcy was filed against H. U. Williams in the District Court of the United States for the Eastern Division of the Southern District of Georgia, and that thereafter the said H. U. Williams was duly adjudicated bankrupt and that thereafter plaintiff was duly elected trustee of the estate of said bankrupt and has duly qualified as such. That defendant is and was at the times hereinafter mentioned, a corporation duly organized and existing according to law.

"For its cause of action plaintiff states, that on or about the second day of May, 1902, the said H. U. Williams was insolvent, and was indebted to this defendant in the sum of $874.40, and in payment of said indebtedness transferred to this defendant merchandise consisting of shoes of the reasonable value of $850. That the effect of such transfer of said property was that this defendant obtained a greater percentage of its debt than any other creditor of said bankrupt of the same class. That defendant and its agents had reasonable grounds to believe at said time that it was intended by such transfer of property to give a preference to this defendant, within the meaning of the Acts of Congress relating to bankruptcy. That after this plaintiff had been elected trustee and had qualified, he notified defendant that he avoided said transfer of property as a preference and he demanded of defendant the return of said property, but that defendant refused and still refuses to return the same.

"Wherefore plaintiff prays judgment in the sum of $850 and his costs."

Defendant pleaded a general denial by way of answer.

The evidence disclosed that prior to May 2, 1902, in obedience to telegraphic instructions from defendant, Pinckard, its agent called on Williams at his place of business in the State of Georgia, and demanded payment of its indebtedness of $874.40. Williams stated he was unable to make payment and Pinckard, believing he had grounds for attachment, insisted on payment or the return of those shoes in stock bought from defendant. After taking legal advice, Williams turned over to Pinckard one lot of shoes amounting to about $200, which were re-shipped to defendant; for another lot of the value of $394, Pinckard agreed to accept their invoice price, less six per cent, and these goods were left in Williams' possession under an arrangement with a local bank, which was in dispute, but resulted in delivery to

Pinckard of a check for $371.24. Pinckard took notes to the amount of $239.66 of the debtor for the balance of the claim; also giving credit for the amount of the goods, for which the check was given. Williams' indebtedness, exclusive of the obligation to defendant, then aggregated $5,000, and so remained until twenty days later he filed a petition in voluntary bankruptcy, under which he was adjudicated a bankrupt by the referee June 24th. The stock of the bankrupt inventoried $2,200; the book accounts were of the face value of $1,400; and a piece of land was valued at $200; but the total realized from the bankrupt estate was about $1,700.

REYBURN, J. (after stating the facts as above).—
1.  This action was tried before a jury, which, after deliberating upon the verdict, addressed a communication to the trial judge requesting him to give the amount to be inserted to fill out the verdict; that the instructions did not contain it. The court made known to the attorneys of the respective parties the contents of the foreman's note, and stated he would instruct the jury as to the measure of damages, and let each side state to the jury what they had to say on that point. Defendant's counsel objected to such proceedings and to the giving of any further instructions in the case, and left the courtroom without then saving any exception; the court of its own motion wrote out and sent by the sheriff to the jury room the following:

"The court instructs the jury that if they find in favor of plaintiff, they will assess the damages at the reasonable value of the merchandise turned over by said Williams to defendant, not exceeding the sum of $850, and that the plaintiff claims the sum of $571.24 as such reasonable value."

Whereupon the jury returned a majority verdict in favor of plaintiff, assessing his damages at the sum of $571.24. On the day following, defendant, through its

attorney, presented, had signed by the trial judge, and filed a special bill of exceptions, which later, at a succeeding term of court, after the motion for new trial had been overruled, was embodied in the general bill of exceptions, bearing date June 23, 1903, which in other respects was in the usual form.

The statute provides that all exceptions taken during the trial of a cause before the same jury shall be embraced in the same bill of exceptions. R. S. 1899, sec. 728. In an early case, it was held that the law now allowed but one bill of exceptions, and the matters excepted to during the trial are to be noted at the time, and after the trial is over and the motion for a new trial, or other appropriate motion has been overruled, a bill of exceptions is to be prepared, stating the matters excepted to in the order in which they occurred during the trial. Dougherty v. Whitehead, 31 Mo. 255. This court, in a recent decision construing the above section, has held that it was a mandatory provision, and contemplated that the final bill of exceptions should be embraced in one document. Atchison v. Railroad, 94 Mo. App. 572. The last cited case was intended, however, by this court to be confined to bills of exception taken after the appeal had been allowed, and was not meant to dispense with term bills of exception. The approved practice, if the action of the trial court is desired to be reviewed by the appellate court, is to preserve the exception by proper bill at the term at which the ruling the subject of exception, was had, and incorporate such term bills in the final bill of exceptions, ultimately taken as a step for appeal of the cause, which was the course adopted in this proceeding, and which has received the sanction of the Supreme Court. Smith v. Baer, 166 Mo. 392.

2. The section of the statutes (R. S. 1899, sec. 748) relating to the stage of the trial at which the instructions shall be given, and the right of a trial court to instruct a jury at a period other than immediately after the evi-

dence is concluded, will be found elaborately discussed by the Supreme Court in Yore v. Transfer Co., 147 Mo. 678, where the practice was approved, permitting the giving of an instruction at any time, during the consideration of the case by the jury, provided the instruction announced a correct proposition of law, applicable to the facts of the case, given in open court and affording the opposing parties an opportunity to know its contents and note exceptions thereto, if desired, or to ask further explanatory instructions, if deemed necessary. The instruction herein was given under the conditions held requisite by the above decision, and we are restricted to weighing its contents. Waiving the doubt whether the defendant is entitled to have the question considered, as it is very questionable whether the exception was properly saved, we are unable to escape the conviction that the concluding clause advising the jury of the amount claimed by plaintiff, as the reasonable value of the merchandise asserted to constitute the preference, is amenable to the two-fold charge that it is a comment upon the evidence, and tends to make too conspicuous a feature of the case which was an important issue under submission to and properly to be determined by the jury. Its materiality and prejudicial tendency is attested by the prompt return thereafter, by the jury of a verdict in the amount named in the instruction.

3. The proof offered to establish the allegations made in the petition of the bankruptcy proceedings, and the election and qualification of plaintiff, as trustee of the estate of Williams, consisted of the following, both entitled as of the District Court of the United States for the Eastern Division of the Southern District of Georgia, and in the matter of the bankrupt:

"At Brunswick, in said district, on the twenty-fourth day of June, A. D. 1902, before me, A. J. Crovatt, referee of said court in bankruptcy, the petition of H. U. Williams that he be adjudged a bankrupt within the true intent and meaning of the acts of Congress relating to

bankruptcy, having been heard and duly considered, the said H. U. Williams is. hereby declared and adjudged bankrupt accordingly.

"A. J. CROVATT,
"Referee in Bankruptcy."

"I, A. J. Crovatt, one of the referees in bankruptcy of said court, do hereby certify that the foregoing is a true and accurate copy of the original order of adjudication in the case of H. U. Williams, bankrupt, original of file in my office.

"Dated at Brunswick, Georgia, March 23, 1903.
"A. J. CROVATT,
"Referee in Bankruptcy."

Also a copy of the bond of plaintiff as such trustee and its approval by the referee in bankruptcy, and a certificate of authentication of both by the same referee. These documents were admitted in evidence without objection thereto by defendant, and respondent now insists that the latter must be held to have waived the contention now sought to be pressed, that there was no proof that Williams was legally adjudicated a bankrupt in the absence of evidence in the record that the judge was absent from the district, or the division of the district in which the petition was pending. The bankrupt act provides that, "if the judge is absent from the district, or the division of the district in which the petition is pending, on the next day after the last day on which pleadings may be filed, and none have been filed by the bankrupt or any of his creditors, the clerk shall forthwith refer the case to the referee." The preceding subdivision declares, "If, on the last day within which pleadings may be filed, none are filed by the bankrupt or any of his creditors, the judge shall, on the next day, if present, or as soon thereafter as practicable, make the adjudication or dismiss the petition." Chap. 4, sec. 18, e and f. It is manifest from this language of these sub-

divisions of this chapter of the bankrupt act that primarily the adjudication in bankruptcy is committed to and must be made by the judge of the court in which the proceeding is pending, and only in the absence of such judge from the district, or the division of the district, is authority conferred upon the clerk to refer the case to the referee to whom, as the arm of the court, jurisdiction attaches to consider the petition in such case, make adjudication, or dismiss the petition.    Chap. 5, sec. 35.    The absence of the federal judge from the district, or from the division of the district, is a condition precedent to the lodging of authority in the referee; such absence of the judge is a jurisdictional fact, which transfers the right and power of such absent judge to the referee, upon action referring the case to him by the clerk, to make the adjudication or dismiss the petition, and as a fact essential to create or confer jurisdiction, affirmative evidence of its existence must appear, and no presumption respecting it can be indulged in.    It is true that the act further provides that certified copies of proceedings before a referee shall be admitted in evidence, with like force and effect, as certified copies of the records of district courts of the United States, and that a certified copy of the order approving the bond of a trustee shall constitute conclusive evidence of the vesting in him of the title to the property of the bankrupt: (Sec. 21, d and e) but impliedly, upon the assumption that the bankruptcy be duly adjudged in conformity to the terms of the act.    In the forms promulgated by the Supreme Court of the United States, November 28, 1898, pursuant to section 30, a form for reference by the clerk to the referee, in the judge's absence is adopted (form No. 15), which recites the absence of the judge of the district.    Nor is appellant precluded from presenting and urging this objection, although it made no objection to the fragments of evidence in the record, for the introduction of this imperfect proof is not now objected

to, but its insufficiency and failure to sustain the averments of the petition are pressed.

4.   In its charge to the jury, the trial court included the following instruction: .

"If the jury find in favor of plaintiff they will render a verdict for such sum as will equal the value of the property, money or both, given by Williams to Pinckard in partial settlement of his debt to defendant."

The petition alleged the transfer of merchandise of the value stated, as a preference unlawful under the acts of Congress, and prayed judgment for its value.   The instruction was broader than the pleading upon which it was based, and therefore fatally erroneous.   Wolfe v. Supreme Lodge, 160 Mo. 675; Friedman v. Pulitzer, etc., Co., 102 Mo. App. 683.

In view of the conclusions reached and above expressed, it is not deemed essential to indulge in considering other propositions presented by appellant, which, even if worthy of determination, are not likely to be repeated upon a retrial.   For errors above noted, the judgment is reversed and the cause remanded.   *Bland, P. J.,* and *Goode, J.,* concur.