## JOSEPH MANTHEY v. KELLERMAN CONTRACTING COMPANY, Appellant.

### Division One, December 4, 1925.

1. **APPEAL: Bill of Exceptions.** The statute requires all exceptions taken by either party during the trial of a cause to be included in one bill of exceptions. And this requirement applies to an appeal from an order granting a new trial, and to an appeal in a cause wherein the appeal is granted upon some of the grounds assigned in the motion for a new trial.

2. ———: **From Order Granting New Trial: Other Grounds Considered.** On an appeal from an order granting a new trial, the appellate court will not reverse the order if it can be sustained on any ground assigned in the motion, even though not sustainable on the grounds specified of record by the trial court.

3. ———: ———: ———: **Exception: Proved by Motion.** In order that respondent may have in the appellate court the benefit of errors assigned in his motion for a new trial but not assigned by the trial court as grounds for sustaining the motion, the record must show that he excepted at the time to the rulings upon which in his motion he predicated those assignments of errors. A statement in the motion for a new trial that the respondent excepted to the giving of certain instructions is not evidence that he did except. The exceptions must be shown by and preserved in the bill of exceptions as taken when the instructions were given.

4. ———: ———: **Burden to Show Other Grounds: Bill of Exceptions.** When the record shows the grounds of the motion upon which the trial court granted a new trial, the burden is upon appellant, upon an appeal from an order granting the new trial, to show error in the ruling upon those grounds. But the effect of the order is to overrule other grounds assigned, and the presumption is indulged

that the ruling was right until respondent shows to the contrary, but the burden is not upon him to make the bill of exceptions, but it is upon him to show, if he can, from the bill of exceptions made by appellant, that the action of the trial court in ordering a new trial was right, even though not sustainable on the grounds specified in the order, and he has the right to require appellant to include in his bill of exceptions so much of the record as will enable the appellate court to determine whether the action of the trial court can be sustained on any of the grounds stated in the motion for a new trial.

5. **BILL OF EXCEPTIONS: Amendment: Nunc Pro Tunc Order.** A bill of exceptions when duly filed in a case becomes a part of the record, and is subsequently subject to the operation of amendatory motions, to the same extent and under the same restrictions, as other parts of the record. But such amendments cannot be made at a subsequent term upon matters resting merely in the memory of the trial judge, nor on parol proof by others. Where the bill of exceptions approved and filed shows no exceptions saved to the giving of certain instructions, assigned as errors in the motion for a new trial, the court cannot at a subsequent term, make a *nunc pro tunc* order so amending the bill as to show such exceptions were saved, unless something appears in the bill itself, or in the judge's minutes, the clerk's entries, the stenographer's notes or some paper in the case which will afford a basis for such an order.

6. ———: **Omission of Exceptions: Motion to Amend Overruled: Substituting New Bill Filed by Respondent.** After verdict for defendant, plaintiff filed a motion for a new trial, alleging error in the giving of five instructions for defendant. The motion was sustained on the ground that one of the instructions was erroneous, and from an order granting a new trial defendant appealed, and filed his approved bill of exceptions, which set forth the instructions given, but did not show that any exception thereto was saved. Thereupon, at a term subsequent to the term at which the new trial was granted, plaintiff filed a motion to require the bill to be amended so as to show exceptions were saved to the giving of the instructions, basing the motion on an allegation that the notes of the official reporter who reported the proceedings of the trial contained said exceptions. The court denied the motion, and no appeal was taken from the order overruling it. But five days later plaintiff presented a complete bill of exceptions, showing such exceptions, and the trial judge approved it and ordered it filed, and it has been abstracted and is presented here as the true bill of exceptions in the case, and this court is asked to substitute it for the bill of exceptions approved and filed by defendant in connection

Manthey v. Kellerman Contracting Co.

with his appeal from the order granting plaintiff a new trial. *Held*, that the allowance and filing of plaintiff's bill of exceptions was unauthorized, and it cannot be substituted for the bill previously approved and filed by appellant, and the question whether said instructions were erroneous and were valid grounds for granting the new trial cannot be considered, since the only bill that can be considered does not show that exceptions thereto were saved.

7. NEW TRIAL: Grounds for Granting: Admission of Evidence: Mistake: Memorandum. An order sustaining plaintiff's motion for a new trial, sustained on the ground therein stated that the court erred in admitting incompetent evidence, cannot be upheld on appeal where the record shows that the evidence was excluded. And the "incompetent evidence" may be identified by a clear reference in the order to a memorandum opinion filed by the judge in which the particular evidence is specified.

8. INSTRUCTION: Negligence: Proved by Mere Injury: New Trial. An instruction to the effect that "the mere fact that plaintiff was injured is in itself no evidence that defendant was guilty of negligence" but "the burden of proof is upon plaintiff to prove by the greater weight of all credible evidence in the case that the defendant was guilty of an act of negligence of which plaintiff complains and which is submitted to you in these instructions, and unless he has so proved your verdict must be for the defendant," is not error, where the injuries to plaintiff were fractures and bruises sustained by him in falling through an opening in a roof which he was helping construct and striking timbers which lay upon the floor below. And the giving of such instruction is not a ground for granting to plaintiff a new trial, after verdict for defendant.

Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., Section 29, p. 316, n. 43; Section 802, p. 895, n. 52; Section 843, p. 953, n. 27; 4 C. J., Section 1674, p. 2, n. 61; p. 84, n. 67; Section 1683, p. 89, n. 17; Section 1827, p. 225, n. 49; Section 1935, p. 314, n. 13; Section 1937, p. 317, n. 35, 36, 37, 38; Section 2356, p. 550, n. 20; Section 2360, p. 552, n. 27; Section 2364, p. 556, n. 43; Section 2366, p. 560, n. 61 New; Section 2557, p. 665, n. 9; Section 2736, p. 785, n. 91, 91 New. Negligence, 29 Cyc. p. 644, n. 38.

Appeal from St. Louis City Circuit Court.—*Hon. Victor H. Falkenhainer*, Judge.

REVERSED AND REMANDED (*with directions*).

*M. L. Lichtenstadt, Charles E. Morrow* and *W. E. Moser* for appellant.

(1)  The sustaining of plaintiff's motion for new trial on the grounds stated in the order of the court,

necessarily overrules said motion as to all other grounds.
The only burden on appellant is to show that the
grounds upon which the motion was sustained do not
support it. Arkla Lumber Co. v. Mfg. Co., 252 S. W.
966; Krosten v. Hines, 283 Mo. 634; State ex rel. v.
Thomas, 245 Mo. 74. (2) The court did not err in
admitting evidence as to the settlement made by plain-
tiff with the Insulating & Materials Company. (a)
This evidence went in without objection. (b) There
was no evidence before the court that there was any
paper writing in reference to the settlement. The
statement of plaintiff's counsel that he had a copy of
it was not evidence. (3) Instruction 5, given by the
court at the request of the defendant, is not erroneous.
The mere fact that plaintiff was injured is in itself no
evidence that the defendant was guilty of negligence.
Moss v. Wells, 249 S. W. 411; Blanton v. Dold, 109 Mo.
74. There was nothing in the character of plaintiff's
injury which would be a link in a chain of circumstances
tending to prove the negligence with which the de-
fendant is charged. The facts of this case are in no
respects similar to Orris v. Railway Co., 279 Mo. 1.
See Moss v. Wells, 249 S. W. 411. (4) Appellant
objects to respondents said abstract of record on the
following grounds: (a) Because appellant's bill of
exceptions herein, which included all exceptions taken
during the trial of said cause and the issue thereof
before the jury, was allowed, signed, sealed and filed
and made a part of the record in said cause at the June
term, 1923, of said court. Under the provisions of
Sec. 1460, R. S. 1919, it is provided that all exceptions
taken during the tri l of a cause or issued before the
same jury shall ᵇ  mbraced in the same bill of ex-
ceptions, and the ʹ    ᵎ has no jurisdiction or authority
to allow but on⸱ ᵽill of exceptions as to matters oc-
curring during the trial of a cause and before the same
jury, and respondent has no right to any bill of ex-
ceptions except those exceptions contained in the appell-
lant's bill of exceptions, and the alleged bill of exceptions

is void. Atchison v. Ry. Co., 94 Mo. App. 575; Kline Cloak Co. v. Morris, 293 Mo. 493. (b) The plaintiff did not secure the certificate of the judge of the circuit court that his bill of exceptions could not be allowed and filed within the time provided by the statute, and this court did not continue this case to enable the plaintiff to file a bill of exceptions, and under Sec. 1460, R. S. 1919, even if the plaintiff has a right to file a separate bill of exceptions, that time had expired before the alleged bill of exceptions was allowed and filed. R. S. 1919, sec. 1460; Planters Bank v. Phillips, 186 S. W. 752; State v. Bailey, 181 S. W. 605. (c) The judge of the circuit court, having allowed, signed, sealed, filed and made a part of the record a bill of exceptions, exhausted his jurisdiction in respect to allowing and signing a bill of exceptions, and could not therefore allow and sign an additional bill of exceptions or a bill of exceptions on the part of the plaintiff in said cause. R. S. 1919, sec. 1460; Atchison v. Ry. Co., 94 Mo. App. 575; Kline Cloak Co. v. Morris, 293 Mo. 493.

*W. H. Douglas* for respondent.

(1) An appeal will not lie from the refusal of the trial court to sustain appellant's motion to set aside and vacate the court's action in allowing and filing respondent's bill of exceptions. R. S. 1919, sec. 1469; Lyons v. Rollinson, 109 Mo. App. 68; State ex rel v. Potterfield, 258 S. W. 722. (2) Respondent could not appeal in this case and in order to have his exceptions appear in the record as excepting to the action of the court in giving defendant's instructions, it was necessary for respondent to file a bill of exceptions. R. S. 1919, sec. 1469; State ex rel. v. Thomas, 245 Mo. 65. (3) Respondent had a right to file his bill of exceptions. Bradley v. Becker, 260 S. W. 565; State ex rel. v. Thomas, 245 Mo. 65. (4) Rule number 37 is not available to appellant as urged by it in this case. (a) It is not mandatory. Frohman v. Lowenstein, 260 S. W. 460.

(b)   This rule was adopted by the court to relieve the court from the labor of ascertaining the truth of the bill of exceptions and can be invoked by the court only, and not by the defendant. (c)  If it should attempt to establish a rule of law as contended by the defendant, it would be null and void. State ex rel. v. Thomas, 245 Mo. 65.   (5)   The court erred in giving Instruction 5 at the request of defendant, which told the jury "that the mere fact that plaintiff was injured was in itself no evidence that defendant was guilty of any negligence." Orris v. Railroad, 279 Mo. 10; Zeis v. Brewing Co., 205 Mo. 653; Moss v. Wells, 249 S. W. 411; Littig v. Urbauer-Atwood Heating Co., 292 Mo. 245.

LINDSAY, C.—In the foregoing cause here for determination, there is involved the proceeding on appeal between the same parties, numbered 25777, as a matter incidental and subsequent to this cause.  By agreement and order the later proceeding has been consolidated with this for hearing and determination.  The relation of the two is such that the facts, and the questions raised in the incidental proceeding are made matters preliminary to the determination of this appeal.

This is a suit for personal injuries, wherein the jury returned a verdict in favor of the defendant.  The trial court sustained plaintiff's motion for a new trial, and defendant appealed from the order.  In his motion for a new trial, as shown by defendant's bill of exceptions, the plaintiff assigned as errors, among other things, the admission of incompetent evidence for defendant, and the giving for defendant of instructions numbered 5, 6, 7, 8 and 9, to the admission and giving of which (the motion recited) plaintiff objected and saved his exceptions at the time.  The bill of exceptions filed by defendant set forth those instructions, but did not show exceptions saved by plaintiff at the time they were given.

The trial court in its order granting a new trial stated that it was for error committed in admitting in-

competent evidence for defendant, and because defendant's Instruction 5 was erroneous. The court also filed at the time a memorandum, referred to in the order, and shown in the bill of exceptions, somewhat enlarging upon and further explaining his reasons for the action taken. The cause was heard and the new trial granted by Judge Falkenhainer, presiding in Division No. 4 of the Circuit Court of the City of St. Louis. The order granting a new trial was made on February 21, 1922. The defendant's appeal was taken on that day, and thereafter, in due time, the appeal was docketed in this court. On July 19, 1923, the defendant's bill of exceptions above mentioned, approved in writing, by counsel for plaintiff, was signed by Judge Falkenhainer, and allowed by Judge Ittner then presiding as judge in Division No. 4. The cause was placed upon the docket of the October term, 1923, in Division One of this court, and set for hearing on January 5, 1924. The defendant's abstract of the record was filed December 3, 1923. The bill of exceptions as allowed to defendant is fully set forth in the abstract filed by defendant.

On December 24, 1923, the plaintiff filed in the circuit court his motion praying for a *nunc pro tunc* order, to correct defendant's bill of exceptions, so as to make it show that plaintiff had excepted to the giving of instructions numbered 5, 6, 7, 8, and 9 for the defendant, alleging that the official reporter had noted his exceptions in the notes from which the bill of exceptions was made, but there had been failure to copy the same in the bill. On December 3, 1923, the parties filed here their stipulation for the continuance of the cause to the April term, 1924, reciting as a reason the pendency of the said motion for a *nunc pro tunc* order, and the cause on appeal was accordingly continued. The plaintiff's motion for a *nunc pro tunc* order was overruled. The plaintiff next, on March 6, 1924, presented to counsel for defendant plaintiff's bill of exceptions. This was a bill, complete in skeleton form. It called for insertion of all the evidence which was contained in defendant's bill and set

forth defendant's instructions, and exceptions made by plaintiff at the time, to the giving of defendant's instructions numbered 5, 6, 7, 8, and 9. It showed the motion for new trial, defendant's appeal, allowance of defendant's bill of exceptions, and called for defendant's complete bill. The certificate appended to plaintiff's bill of exceptions recited that inasmuch as his exceptions to the giving of said instructions did not appear of record, the bill was allowed in order that such exceptions might be made a part of the record so as to be presented to the appellate court. Plaintiff's bill made no reference to the motion for a *nunc pro tunc* order. This bill was signed by Judge Falkenhainer, and signed and allowed by Judge GRIMM, then presiding in Division No. 4, on March 8, 1924. Plaintiff has filed here his abstract, and defendant has filed objections thereto. Next, the defendant filed his motion to vacate the order allowing plaintiff's bill of exceptions, pleading in his motion the terms of Rule 37 of the Circuit Court of the City of St. Louis, concerning the manner in which bills of exceptions were to be served upon the opposite party, and the manner of their allowance, alleging violation of the rule by plaintiff's counsel, and by the court, in allowing plaintiff's bill and other matters, as showing that allowance of the bill was unauthorized. Defendant's motion to vacate was overruled, and defendant appealed from the order overruling that motion and perfected that appeal, and in that proceeding filed his bill of exceptions in skeleton form, setting forth all the proceedings had, beginning with plaintiff's motion for a *nunc pro tunc* order, followed by the allowance of plaintiff's bill of exceptions calling for copying of the matter therein, and the proceedings subsequent thereto, and calling for incorporation therein of defendant's original bill. Pending the allowance of defendant's bill of exceptions in this incidental proceeding, the cause in chief was continued to the October term, 1924, by stipulation of the parties, to give defendant opportunity to have his second bill allowed. Defendant's appeal from the order overruling

his motion to vacate the allowance of plaintiff's bill of exceptions was docketed as No. 25777. This second appeal of defendant was advanced, and was consolidated with the appeal from the order granting a new trial, and all matters pertaining to both heard and submitted together for joint determination.

The ultimate question to be determined is whether the order granting a new trial shall be affirmed or reversed. In the path toward the conclusion upon that question there have been piled up the succes-

**Bill of Exceptions.** sive layers of bills of exceptions, orders and questions raised thereon; as in the attempt of the fabled giants to "lay the high mountain Pelion on the top of Ossa." The right of appeal is of statutory origin, and the making and filing of bills of exceptions is governed by statute. The purpose of the statute is to require all exceptions taken by either party during the trial of a cause to be included in one bill. "The law now allows only one bill of exceptions." [Dougherty v. Whitehead, 31 Mo. l. c. 257; Atchison v. Railroad, 94 Mo. App. 572; Pace v. Shoe Co., 103 Mo. App. 668.]

The closing sentence of Section 1460, Revised Statutes 1919, is as follows: "All exceptions taken during the same trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions." This provision applies in an appeal from an order granting a new trial, and to the instant case, wherein the new trial is granted upon some of the grounds assigned as error in the motion. Necessarily the appeal must be taken by the party against whom the order is made. Thereupon the rule is that the appellate court will not reverse the order and judgment of the trial court granting a new trial, if it can be sustained upon any ground of the motion, even though not sustainable upon the grounds specified of record by the trial court. [Chandler v. Gloyd, 217 Mo. 394; Emmons v. Quade, 176 Mo. 22; Bradley v. Reppell, 133 Mo. 560; Hewitt v. Steele, 118 Mo. 463.] But, in order that the respondent may have in the appellate court the benefit of the errors assigned in his mo-

tion but not specified by the trial court as grounds for sustaining the motion, the record must show that respondent excepted at the time to the rulings, upon which in his motion for a new trial, he predicated those assignments of error. The statement in the motion as of a fact, that plaintiff excepted to the giving of the instruction at the time given, is not evidence of the thing stated. [Dougherty v. Whitehead, 31 Mo. 257.]

The motion further preserved exceptions theretofore saved in the progress of the trial, and if not so saved, they are of no avail to respondent in sustaining the action of the trial court, upon the grounds of his motion not specified by the trial court in the order. [Green v. Terminal Railroad Assn., 211 Mo. l. c. 30; Bradley v. Becker, 296 Mo. l. c. 560.] When the record discloses the ground or grounds of the motion upon which the court granted a new trial, the burden is upon the appellant to show error in the ruling upon those grounds (Ittner v. Hughes, 133 Mo. l. c. 688; Stoner v. Royar, 200 Mo. 451); but, as to other grounds therein, the effect of the order is to overrule them, and the presumption is indulged that the court's ruling is right, until the respondent shows the contrary. [Kersten v. Hines, 283 Mo. l. c. 634; State ex rel. v. Thomas, 245 Mo. l. c. 73, 74.] Upon the latter, the burden is not upon the respondent to make the bill of exceptions, but to show if he can, from the bill of exceptions made by the appellant, that the action of the trial court in making the order was right, even though not sustainable upon the grounds specified by the order. The respondent has the right in such a case to have the appellant required to include in his bill of exceptions so much of the record as will enable the appellate court to determine whether the action of the trial court can be sustained upon any of the grounds of the motion for a new trial. [State ex rel. v. Thomas, 245 Mo. 65; and see State ex rel. v. Jarrott, 183 Mo. 204; State ex rel. v. Gibson, 184 Mo. 490.] The force of this, and of the purpose of the statute, is emphasized by virtue of the rule well settled, that a bill of exceptions, when

duly filed in a case, becomes a part of the record, and is consequently subject to the operation in appropriate cases of amendatory motions, to the same extent, and under the same restrictions as other parts of the record. [Darrier v. Darrier, 58 Mo. 222; Baker v. Railway, 122 Mo. 533; State v. Howell, 117 Mo. 307; Ross v. Railway, 141 Mo. 390; West v. Burney, 71 Mo. App. 271; Osagera v. Schaff, 293 Mo. l. c. 345.] But, by the same authorities such amendments cannot be made at a subsequent term, upon matters resting merely in the memory of the judge, nor on parol proof by others. Something must appear in the bill itself or in the judge's minutes, the clerk's entries, the stenographer's notes or some paper in the case, to form the basis for an order *nunc pro tunc*.

The defendant's appeal in No. 25777 is from a special order after final judgment in the cause—the order overruling the motion to vacate the order allowing plaintiff's bill of exceptions. The bill of exceptions filed by defendant in that proceeding sets forth plaintiff's motion for the *nunc pro tunc* order filed December 24, 1923, for an amendment of defendant's bill of exceptions upon defendant's appeal. The ground of that motion was that defendant's bill of exceptions was not a true and correct record of the exceptions, in that, it failed to show the objections and exceptions of plaintiff to the giving of defendant's instructions numbered 5, 6, 7, 8, and 9 made at the time they were given, and it further alleged "that the official reporter who reported the proceedings at the trial in said cause and from whose notes said bill of exceptions was made has noted in his notes and his notes contain the above exceptions of plaintiff to said instructions which was not copied into and made a part of the bill of exceptions."

The abstract filed by defendant shows that this motion was heard and considered, and that on March 3, 1924, it was overruled by the court by order of record. The record shows no farther steps taken in respect to that motion or order. The order became final upon the issue tendered by the motion.

The action of the trial court in overruling the motion is not here for review. But, five days after the motion was overruled the plaintiff's bill of exceptions was filed, containing the exceptions to the giving of defendant's said instructions—the particular and only matter sought to be introduced as a correction or amendment of defendant's bill under the motion. The plaintiff as authority for the filing and allowance of his bill of exceptions cites State ex rel. v. Thomas, 245 Mo. 65, and Bradley v. Becker, 296 Mo. 548. Both were cases in Court in Banc.

In State ex rel. v. Thomas, the proceeding was by mandamus to compel the trial judge to sign a bill of exceptions tendered by relator in a certain cause, wherein a motion for a new trial had been sustained, and relator was appealing. The bill of exceptions ' so tendered was restricted to so much of the proceedings as related to the specified ground upon which the trial court sustained the motion for a new trial, and as to the matter covered by it the bill was conceded to be true. The trial judge in refusing to allow the bill stated that he refused, "not because the recitations therein are not true as far as the proceedings are recited, but because the defendant objects on the ground that he is entitled to have the proceedings fully set forth in order that the appellate court may determine whether the order granting a new trial should not be sustained for some reason not given by the court, even if not sustained on the ground given by the court in sustaining the same." It was recited in relator's alternative writ that relator was willing that the defendant, at the defendant's expense, might insert additional recitations in the bill, or might have allowed an additional bill. The writ was denied, upon the ground that the question for decision in the appellate court was not merely whether the order appealed from was right for the reason stated by the court, but whether it was right upon any of the grounds upon which the new trial was asked, and upon the further ground that since a

litigant could not appeal from an order in his favor, it followed that the appellant alone could bring before the appellate court whatever record was necessary to decide whether the court's ruling in granting a new trial should stand, and it was held that the appellant must so do. At the same time, it was held that it was the right of the party successful upon the motion for a new trial, to "see to it that the final record discloses the matters on which he relies to sustain the result of the circuit ruling." [See page 74, citing Ittner v. Hughes, 133 Mo. l. c. 688.] But, the decision in State ex rel. v. Thomas, is not authority for holding that the successful party on the motion for a new trial can have a bill of exceptions, which, as in this instance, would be a substitute for the appellant's bill of exceptions, and after he has moved for the amendment of appellant's bill his motion thereto has been denied, and he has permitted the order of denial to stand.

In Bradley v. Becker, supra, there was before this court upon an appeal from an order granting a new trial the question of considering a certain instruction which the respondent in that appeal insisted had been given, erroneously, for the appellant, but to the giving of which the record showed no exception taken by respondent at the time it was given. It was held that it could not be considered for that reason, it not being an instruction specified by the trial court in the order granting a new trial. It was said, at page 560: "If, in fact, there was an exception, respondent could have secured its incorporation in the bill of exceptions filed by appellant, or, perhaps, could have filed a separate bill in its own behalf. This court has said that either of these things may be done. [State ex rel. v. Thomas, 245 Mo. 65.]" It is obvious that what was thus said was not upon any question at issue upon that appeal, because the respondent there had not attempted to correct the appellant's bill, nor to file one of his own.

We are of the opinion that under the circumstances shown in the instant case, the allowance and filing of plaintiff's (respondent's) bill of exceptions was unauthorized.

We take next the question, whether the order granting a new trial shall be sustained. The plaintiff at the time he was injured was employed by the Insulating & Materials Company, a roofing company which was engaged to make the roof of a building being constructed in the city of St. Louis. It was a two-story building. The second story had a high ceiling, and this ceiling was of steel-and-concrete construction. The roofing, of paper and tar or pitch, was being laid upon the concrete. Defendant, Kellerman Contracting Company, was the contractor for the concrete work, and had laid the concrete forming this ceiling, and forming also the base for the laying on of the roof material. There were two openings through the ceiling, one for an elevator shaft, which was about ten by twelve feet in size, and the other for a skylight, the dimensions of which do not clearly appear. These openings were four or five feet apart. Materials for the work in which plaintiff was employed were drawn up from the basement or ground floor, by a man stationed there for that purpose, by means of a rope running over a pulley which was suspended from a hoist beam, which extended over or partly over the elevator shaft opening. One end of this hoist beam, which was twelve or fourteen feet long, rested on the concrete. The other end, elevated at an angle of about forty-five degrees, was nailed to an upright standard which stood upon the concrete. The hoist beam extended east and west. A wooden brace, twelve or fourteen feet long, was nailed to the hoist beam at a point near the standard, and the other end of this brace, extending northward, rested on the concrete. The lower end of the hoist beam and the lower end of the wooden brace could not be nailed to the roof, or to any part of the building itself. On that account, near or

*Facts of Case.*

at the foot of the hoist beam where it rested upon the concrete there was nailed to the beam a cross piece of two-by-four timber about four feet long, and across this two-by-four piece were laid four rolls of roofing paper, each about thirty inches long and one foot in diameter. In a similar way, a board was nailed to the foot of the wooden brace which extended from near the upright standard to the concrete, and across this board were laid three rolls of roofing paper. The testimony for plaintiff was that this was the customary manner of constructing a hoist, for use in that kind of work, and under the circumstances that have been described. For the purpose of holding and supporting the concrete in this ceiling and roof, during the time required for it to harden and become set, there were constructed and maintained under and about it what was spoken of as forms or "false work" of timber, which could be removed after the concrete was set. The removal of much of this false work had been accomplished before the day of plaintiff's injury. There was some conflict as to whether the remainder was pulled down immediately before and concurrent with plaintiff's injury. But, plaintiff's claim was, and the testimony for him tends to show, that a mass of the false work under this ceiling and near where the hoisting rope hung, without warning was pulled or thrown down by defendant's employees, at the time when a bucket of pitch was about to be drawn up to plaintiff and others on the roof; that the throwing or pulling down of the false-work construction caused a great jar or vibration in the building; that a piece or pieces of the false work came in contact with the hoist rope, and as a result, the end of the hoist beam flew up and struck the plaintiff in the back as he was at work near the skylight opening, causing him to fall through the opening; that planks or pieces of the forms or false work fell over and across the elevator shaft at the second floor of the building; that plaintiff fell upon these and was severely injured. As has been indicated, plaintiff's theory was

311 Mo. Sup.—11.

that the hoist, which had been constructed by the Insulating & Materials Company, was constructed in the customary manner and that the displacement of the hoist beam and consequent injury to plaintiff were caused by the careless taking down of the false work; while defendant's contention was that the false work in question had been taken down on that day at a considerable interval previous to plaintiff's fall, and that the displacement of the hoist beam was not due to the fall of the false-work timbers, but was due to careless construction of the hoisting apparatus and failure properly to brace and secure it in place; that sand bags or sacks of cement which were immovable, instead of rolls of roofing paper which roll easily, should have been used to hold down the cross braces. In his suit as originally brought the plaintiff made both the Insulating & Materials Company and Kellerman Contracting Company defendants.

The first petition, put in evidence on the trial, after describing the building and hoist apparatus, and plaintiff's fall, charged negligence on the part of Kellerman Contracting Company in negligently wrecking the false work so as to shake the building, and failure to exercise ordinary care to warn the plaintiff of its intention to wreck the false work, and charged negligence on the part of the Insulating & Materials Company in failing to exercise ordinary care to ballast the cross braces of the hoist beam in using rolls of paper for that purpose. Later plaintiff dismissed as to the Insulating & Materials Company, and filed his amended petition, alleging therein that the hoist beam was constructed in the customary manner, and that his fall and resultant injuries were due to the negligence of this defendant in tearing down the false work without notice to plaintiff, so as to cause the timbers to fall on the floor through which the rope passed, striking or catching the rope at a time when material was being hoisted to the roof, with such force, as to jerk the hoist beam through the hole in the roof and cause it to strike plain-

tiff, and also due to the fall of the heavy timbers of the false work in such a manner as to jar the building, and cause the hoisting apparatus to give way and fall through the hole in the roof.

The defendant filed his motion to strike out the amended petition as being entire change of the cause of action, and a departure and different cause of action. The motion was overruled, and defendant filed its term bill of exceptions. The answer to the amended petition, after a general denial, alleged that plaintiff had sued defendant and Insulating & Materials Company, claiming a joint cause of action against both, and while his cause was pending had compounded and settled with and discharged Insulating & materials Company upon said cause of action, and had received from that company in settlement the sum of $1500, and had received from that company full compensation for what, if any injuries he had received, and pleaded that by reason thereof the plaintiff had fully released and discharged Kellerman Contracting Company from any liability to him on the alleged cause of action sued upon and was not entitled to recover anything against the defendant. The reply was a general denial.

The order of the court granting a new trial entered of record is as follows:

"The court, having heard and duly considered the plaintiff's motion for a new trial heretofore filed and submitted herein, doth order that said motion **Order** be and the same is hereby sustained on the **Granting** ground that the court erred in admitting in- **New Trial.** competent evidence, and upon the further ground that the court erred in giving Instruction 5 on behalf of defendant. It is therefore ordered by the court that the verdict and judgment rendered in favor of the defendant on the 17th day of November, 1921, be and the same is hereby set aside and vacated. Memorandum filed."

The memorandum filed refers to the evidence in question, and is as follows:

"The court feels that it erred in permitting counsel for defendant to ask plaintiff questions in regard to a settlement with a former defendant. Taking the Grimm case, 232 S. W. 676, as basis for sustaining this motion, I feel that it is the last word on the point in issue, and

**Memorandum.** the court now feels that it erred in not requiring defendant to introduce the written agreement with defendant Materials Company on the best-evidence rule. This writing should have been introduced if defendant wanted that matter submitted and, if found to be a covenant not to sue, then it, under the ruling in the Grimm case, was not competent, and any reference to that ruling in the Grimm case was not competent, and any reference to that matter should have been ruled out as incompetent. This, I feel, is the error that requires the case to be retried and, although the instructions are not altogether proper, I feel that it is not necessary to state the infirmities. Instruction 5 is bad, because I believe the courts now hold that injury is a circumstance which the jury have a right to consider in determining negligence. For the above reason, the motion of plaintiff for a new trial is sustained."

Under Section 1454, Revised Statutes 1919, it is provided that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." In Hays v. Hogan, 273 Mo. 1, the trial court in granting a new trial did not specify affirmatively the reasons in his order, but made at the time some statements concerning grounds urged, but not being those upon which the order was granted. It was said, at page 11, "that matter required by the statute to be spread of record cannot be preserved in a bill of exceptions, and *vice versa,* if required to be served in bill of exceptions, cannot be preserved by the record proper;" but it was nevertheless held that the same might be considered as "throwing light upon the view the circuit court took of the case during the progress of the trial, and the view he had of it when passing on the motion for a new trial." The proceedings had during the trial were read in the

light of what the court said in granting the new trial. In Kersten v. Hines, 283 Mo. l. c. 632, 633, the ground specified by the court was one which it was said was "confirmed by a memorandum filed by the court," which memorandum this court said "throws light upon the view the circuit court took of the matter."

In the instant case the order specifies two grounds, and by express reference therein, as far as may be done, incorporates the views expressed in the memorandum. The grounds mentioned in the order **Admission of Evidence: Mistake.** are, admission of incompetent testimony, and giving Instruction 5. That instruction will be considered further on. Plaintiff's counsel concedes that the order cannot be sustained on the ground that the objectionable testimony was admitted, for, as he says in his brief, "the record discloses the evidence which the court held was erroneously admitted and for which error the court granted a new trial, was in fact excluded by the court upon objection to it by plaintiff at the trial." This evidence and the objection appear in the re-cross examination of plaintiff:

"Q. I forgot to ask you one question. When was it you settled with the Insulating & Materials Company? A. May 9th.

"Q. How much did they pay you? A. Fifteen hundred dollars.

"Q. Well, you understand that that was a settling of the suit as far as they were concerned.

"MR. DOUGLASS: Just a moment. I object to that because the contract was signed between these parties and what he understood about it has nothing to do with what it was.

"THE COURT: Objection sustained.

"MR. MORROW: If your Honor please, these people can't come in and sign a paper that will bind us—we are not responsible for it, and I claim I have a right now to ask him what his understanding was—if that is your understanding.

"Mr. Douglass: I made that settlement; he don't know anything about it.

"The Court: I will sustain the objection.

"To which action and ruling of the court defendant by its counsel then and there duly excepted and still excepts.

"Mr. Morrow: I will offer to prove by this witness, if your Honor please, that it was the understanding that he was to settle and discharge the defendant, Insulating & Materials Company, and that this fifteen hundred dollars was in payment of that settlement.

"Mr. Douglass: I object to that—the offer—because the paper is the best evidence and shows what the understanding of the parties was and I have a copy of it and Mr. Morrow may have it.

"The Court: I will sustain the objection."

Under that situation the order cannot be sustained upon the ground specified and most emphasized by the court.

Under the ruling we have heretofore indicated, the only instruction here for review is Instruction 6, which is as follows:

"The court instructs the jury that the mere fact that plaintiff was injured is in itself no evidence that defendant was guilty of any negligence. The burden of proof is upon the plaintiff to prove by the greater weight of all the credible evidence in the case that the defendant was guilty of an act of negligence, of which plaintiff complains and which is submitted to you in these instructions, and unless he has so proven your verdict must be for the defendant."

*Correct Instruction.*

It is urged that the giving of this instruction was error, and upon that Orris v. Railway Co., 279 Mo. 1, is cited. In that case the injury was caused by a spark which flew out of the smoke stack of a locomotive engine, and penetrated the eye of the plaintiff. The negligence consisted in operating the engine without a proper spark arresting equipment. It was held that the giving of an instruction similar to the one here in ques-

tion, was error. It was held upon the ground that "taking all the facts, the very character of the injury would be a link in the claim of circumstances tending to show a defective spark arrester, or negligence." That fact it was held took the instruction out of the rule ordinarily applicable to instructions of like character. In this case the injuries to the plaintiff were the fractures and bruises sustained by him in falling from the roof through the opening, and striking the timbers which lay upon the floor next below and across the opening in that floor. There was nothing in the character of the injuries themselves which tended to show negligence on the part of the defendant. On that account, the holding in the Orris case, founded upon the particular facts in that case, and distinguishing it from the ordinary rule, is not applicable here. The facts in this case bring it within the ruling made in Moss v. Wells, 249 S. W. 411. Following the reasoning and decision in that case we are of the opinion that the giving of Instruction 5 was not error sustaining the order granting a new trial.

It follows from what has been said that the order should be set aside, and the cause remanded that the verdict may be re-instated. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion of LINDSAY, C., in Division One is adopted as the opinion of Court in Banc. *Blair, C, J., Walker, Atwood* and *Otto, JJ.,* concur; *Graves, White* and *Ragland, JJ.,* dissent.