OLIVER LOWER, Respondent, v. MARCELINE COAL AND MINING COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1910.

1. **APPELLATE PRACTICE: Appellant's Duty to Show Error and its Materiality.** The burden always is on the appellant to convince the appellate court not only that error was committed against him, but that such error was prejudicial.

2. ———: **Rule 8 of This Court: Presenting Question of Error in Instructions by Record not Containing Evidence.** Where an appeal is prosecuted merely to present the rulings of the trial court in the instructions, the evidence not being stated and the abstract merely reciting that there was evidence tending to support the allegations of plaintiff's petition and also of defendant's answer, every presumption must be indulged in favor of the judgment, and it will be assumed that the evidence was favorable to the prevailing party and unfavorable to his opponent.

3. ———: ———: **Only Errors Clearly Harmful will Authorize Reversal.** Instructions may seem to be erroneous when considered only with respect to the pleadings, and yet the error

may be harmless when considered in the light of all the evidence. In the absence of a presentation of the evidence errors in instructions will not justify an interference with the judgment unless they are of a harmful character so pronounced that they should be deemed prejudicial in any possible evidentiary situation.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Benj. L. White* for appellant.

*C. M. Kendrick* and *Bresnehen & West* for respondent.

(1) The presumption of law is that every action of the trial court was proper, and the burden rests on the appellant to show by the record that prejudicial error was committed. Bauer v. Cabanne, 11 Mo. App. 14; Johnson v. Long, 72 Mo. 210; Holland v. Cunliff, 96 Mo. App. 67; State v. Hunter, 71 Mo. 435; Rhodes v. Rhodes, 96 Mo. App. 327; McKinney v. Northcott, 141 Mo. 146. (2) Where the evidence is not preserved in the bill of exceptions the appellate court will presume that the instructions were warranted by the evidence. State v. Brown, 75 Mo. 317; Campbell v. Buller, 32 Mo. App. 646; Hadley v. Bernero, 97 Mo. App. 315.

JOHNSON, J.—Plaintiff, a miner employed by defendant, the owner of a coal mine, was injured by the fall of material from the roof of the mine. The cause of action pleaded in his petition is founded on specified negligence of defendant. The answer, in addition to a general denial, contains pleas of contributory negligence and assumed risk. Verdict and judgment were for plaintiff in the sum of one thousand dollars and the cause is here on the appeal of defendant. The

errors assigned and argued by defendant relate entirely to the rulings of the court on the instructions. Defendant failed to preserve in his bill of exceptions any of the evidence adduced at the trial. He states in his abstract that "plaintiff introduced evidence tending to support the allegations of his petition," and that "the defendant introduced evidence tending to support the allegations of the answer." The abstract contains everything essential to a consideration of the case on appeal but the evidence. In such posture of the case, every presumption must be indulged in favor of the judgment and as far as the face of the record before us will permit, we must assume the evidence was favorable to the cause of action asserted and unfavorable to the defenses interposed.

The burden always is on the appellant to convince the appellate court not only that error was committed against him but that such error was *prejudicial.* An instruction may be erroneous considered only with respect to the issues made by the pleadings, but when considered in the light of all the evidence, its error may prove to be harmless and not of a character to justify the appellate court in disturbing the judgment. In the present case, though we find the instructions submitted to the jury the issues of assumed risk and contributory negligence, as issues of fact, we do not and cannot know but that the evidence of plaintiff on these issues was so strong and that of defendant so weak that the court would have been justified in holding and did hold in passing on the motion for a new trial, that on the whole record the verdict was for the right party. Defendant would take from us the opportunity of considering that possible phase of the evidence and would compel us to reverse and remand the case if we found error in the instructions which would be prejudicial in certain evidentiary aspects but not in others. We shall not consider such assignments of

Baker v. Railroad.

error. The only errors in the instructions that would justify our interference with the judgment would be those of a harmful character so pronounced that they should be deemed prejudicial in any possible evidentiary situation. No such errors appear among those assigned by defendant and it follows that the judgment must be affirmed. All concur.