MARY B. KLENE, Appellant, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.—9 S. W. (2d) 950.

Division Two, October 6, 1928.

*Shepard & Hawkins* for appellant.

*E. T. Miller* and *Ward & Reeves* for respondent.

HENWOOD, C.—This is a statutory action for damages in the sum of $10,000, filed in the Circuit Court of Pemiscot County, in which Mary B. Klene, as plaintiff, alleges the negligence of the defendant as the cause of her husband's death. The trial resulted in a verdict and judgment for the defendant, and the plaintiff appealed.

The plaintiff pleaded, and therefore submitted, her case under the humanitarian doctrine alone. The defendant stood on its demurrer, which was offered and overruled at the close of the plaintiff's evidence. The record shows that, on the same day plaintiff's motion for a new trial was presented and overruled, she applied for and was granted an appeal to this court, and also filed her bill of exceptions. The bill of exceptions so filed does not contain a transcript of the evidence, but, in lieu thereof, the following statement: ''The plaintiff introduced evidence tending to support the allegation of her petition.'' Necessarily, appellant's abstract of the record and the briefs on both sides are limited to the ultimate facts stated in the petition, and are silent as to any particular fact or facts developed at the trial. For the want of any other statement of the case, we quote the petition in full, as follows:

''The plaintiff for her cause of action states that the defendant is and was at all the times hereinafter mentioned, a railroad corpora- tion, duly organized, incorporated, operating and existing under

and by virtue and authority of the laws of the State of Missouri; and at all said times the defendant was the owner and operator of a line of railway in and through Pemiscot County, Missouri, and in and through the city of Hayti, in said county and state, over which said line of railway the defendant at all said times, ran and operated its locomotive engines and trains of cars.

"The plaintiff further states that at all the times mentioned herein she was the lawful wife of one H. J. Klene; that on the 30th day of December, 1923, and within six months next before the filing of this petition, the said H. J. Klene, plaintiff's husband, in the daytime was lawfully on and walking along a public street or highway namely, Third Street, in the city of Hayti, Pemiscot County, Missouri; that said Third Street on said date was, and for a long time prior thereto had been, a public street and public highway; that a long time prior to said date, the defendant had constructed its line of railway across said street and at said crossing had also constructed a railroad crossing, and that the public generally had been using said street and said railway crossing and the defendant had been operating its locomotive engines and trains of cars along its said line of railway and over its said railroad crossing; that said use of said crossing by the public and also by the defendant continued down to the time complained of herein; and that said crossing was in a densely settled portion of the city of Hayti, and its use by the public was frequent, and by reason of its location and use, which was known to the defendant, the defendant had reason to expect to find and anticipate the presence of persons upon or about to enter upon said crossing at all hours both day and night, and it was the duty of the defendant to keep a lookout for persons upon or about to enter upon said crossing; and to use reasonable precaution to avoid injuring them; and it was also the duty of the defendant to give the warning signals required by law when about to use said street crossing with its locomotives or trains, and to operate its trains according to the speed limit and speed ordinances of said city and to use reasonable means and precautions to warn persons upon or about to enter upon said crossing to avoid injuring them.

"The plaintiff says that on said 30th day of December, 1923, her said husband was walking along and upon said Third Street approaching said crossing, where defendant's line crosses said street and he was oblivious to the fact that one of defendant's switch engines with a train of cars was about to pass over said crossing and was oblivious to his peril and danger; and the fact that he was oblivious to his peril and danger was known to the defendant, its servants, agents and employees in charge of said train, or could have been known to them, if they had exercised ordinary care; that said H. J.

Klene was struck by said locomotive and train of cars and injured in the right side and right hip, from which injuries he died on the 10th day of February, 1924.

"Plaintiff says that notwithstanding the carelessness and negligence of her said husband in entering upon said crossing the defendant, its servants, agents and employees were also careless and negligent in the respects hereinafter specifically assigned and became liable to plaintiff upon the humanitarian doctrine for damages for the injuries inflicted upon and consequent death of her husband.

"Plaintiff says that the defendant, its servants, agents and employees in charge of said train and operating the same, were careless and negligent in the following respect: first, they were running such train at a greater rate of speed than they had the right to run or operate same under the ordinances of the city of Hayti; second, they failed to ring a bell or sound a whistle for said crossing within the distance required by law; third, they failed to keep any lookout for persons upon or about to enter upon or come within the danger zone of said crossing; fourth, they saw or by the exercise of ordinary care could have seen, that plaintiff's said husband was approaching said crossing and coming into a position of peril and was oblivious to his danger and peril, and they failed to use or exercise ordinary care of the means at hand to warn him, and failed to check the speed of the train or stop it, or undertake to do either after they saw, or by the exercise of ordinary care could have seen, that the said H. J. Klene was in a perilous position and oblivious of that fact.

"The plaintiff says that notwithstanding the negligence and carelessness of her said husband and his obliviousness, yet, the injuries inflicted upon him as aforesaid, could have been avoided, and would not have happened had the defendant's servants, agents, and employees operating said train used the care required of them in such cases and had they not been careless and negligent as above pointed out.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $10,000 the penalty of the statute and her costs."

That part of the bill of exceptions which relates to the plaintiff's evidence and the defendant's demurrer thereto is in the following form:

"BILL OF EXCEPTIONS.

"Be it remembered that on a trial of this cause, the following proceedings were had:

"*The plaintiff introduced evidence tending to support the allegation of her petition.*

"At the close of the plaintiff's testimony, the defendant offered a demurrer which is as follows:

" 'Comes now the defendant at the close of all the evidence offered on behalf of the plaintiff and requests the court to instruct the jury that under the law and the evidence, plaintiff cannot recover, and your verdict must be for the defendant.'

"Which demurrer the court refused, to which action of the court the defendant excepted. The defendant offered no testimony." (Italics ours.)

On this record, we are asked by appellant to consider and rule upon the correctness of the defendant's given instructions, numbered 2 to 9, inclusive. This cannot be done. In attempting to perfect her appeal in this way, the plaintiff has failed to meet the plain requirements of the law, and the condition of this record clearly illustrates the reasons for such requirements. By defendant's Instruction No. 2 the jury was told that "there is no evidence in this case that the defendant's employees operating the train in question violated any city ordinance or any law in operating the train at an excessive rate of speed." In other instructions challenged by plaintiff the trial court excluded from the consideration of the jury other items of negligence specifically alleged in the petition. Yet, the trial court signed and approved and ordered filed a bill of exceptions which states that—"The plaintiff introduced evidence tending to support the allegation of her petition." Moreover, the record shows that the defendant demurred to plaintiff's evidence, duly excepted to the court's ruling thereon, and offered no evidence in its own behalf. With the plaintiff's evidence before us, we might conclude that, notwithstanding the errors, if any, in defendant's given instructions, the demurrer should have been sustained, and that, therefore, the judgment, being for the right party, should be affirmed. The failure of the plaintiff to include a transcript of the evidence in her bill of exceptions deprived the defendant of the right to supplement the record by filing an additional abstract, and, in this situation, a consideration of the questions presented by plaintiff's appeal, would mean a review of defendant's instructions without reference to the evidence on which they were based, and a denial of defendant's right to a ruling on its demurrer in this court. These are rights which the defendant has not waived, and which it now insists should not be ignored.

This record discloses another novel and unauthorized proceeding in the initial steps of this appeal; that is, that, on the same day plaintiff's so-called bill of exceptions was filed, the defendant was given leave "to prepare and file a full and complete bill of exceptions in the within cause, within ninety days." Such leave was of no avail, even though the defendant had undertaken to act in accordance with it. There can be but one bill of exceptions in any case. [Sec. 1460, R. S. 1919; Manthey v. Kellerman Contracting

Co., 311 Mo. 147, 155, 277 S. W. 927.] Furthermore, the law does not impose upon a successful litigant the burden of preparing and filing a bill of exceptions, in order to preserve his rights on his adversary's appeal.

Manifestly, the course pursued by the plaintiff was due to a misconception of Rule 6 of this court, which reads as follows:

"Rule 6—*Reviewing Instructions.* To enable this court to review the action of the trial court in giving and refusing instructions it shall not be necessary to set out the evidence in the bill of exceptions; but it shall be sufficient to state that there was evidence tending to prove the particular fact or facts. If the parties disagree as to what fact or facts the evidence tends to prove, then the testimony of the witnesses shall be stated in narrative form, avoiding repetition and omitting immaterial matter."

The provision for a skeleton or an abbreviated transcript of the evidence relates, of course, to the abstract of the record filed in this court and not to the bill of exceptions filed in the trial court, which must, necessarily, contain a full transcript of the evidence. And such skeleton or abbreviated transcript of the evidence in the abstract of the record is authorized only when the parties agree on the fact or facts stated therein. The meaning of the rule, in both of these particulars, is made perfectly clear by that part of the rule which says: "If the parties disagree as to what fact or facts the evidence tends to prove, then the testimony of the witnesses shall be stated in narrative form." Obviously, if the evidence is not preserved in the bill of exceptions and authenticated thereby, as in this instance, it cannot be stated in narrative form, and is not available for that or any other purpose by either party. It follows that the plaintiff has failed to comply with Rule 6, and also Rule 13, which provides that abstracts of the record "shall set forth so much of the record as is necessary to a complete understanding of all the questions presented for decision." [See, also, Sec. 3, Art. IV, Constitution of Mo.; and Secs. 1480 and 1481, R. S. 1919.]

Because of the failure to comply with the rules mentioned, the appeal is dismissed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.