STATE OF MISSOURI at the Relation of THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, a Corporation, Petitioner, v. HOPKINS B. SHAIN, EWING C. BLAND and FRANCIS H. TRIMBLE, Judges of the Kansas City Court of Appeals, and P. J. MOTT and GRACE MOTT.—89 S. W. (2d) 654.·

Division Two, January 4, 1936.

*Luther Burns, Henry S. Conrad, L. E. Durham, Hale Houts* and *I. M. Lee* for Chicago, Rock Island & Pacific Railway Company.

218

*J. A. Silvers* for P. J. and Grace Mott.

BOHLING, C.—Certiorari to review the decision of the Kansas City Court of Appeals in the case of P. J. Mott and Grace Mott, appellants, v. The Chicago, Rock Island and Pacific Railway Company, respondent (79 S. W. (2d) 1057). Relator (Railway Company), hereinafter designated defendant, contends said decision

is in conflict with Klene v. St. Louis-San Francisco Ry. Co., 321 Mo. 162, 9 S. W. (2d) 950, and Manthey v. Kellerman Contracting. Co., 311 Mo. 147, 277 S. W. 927.

Plaintiffs, respondents here, instituted an action for damages for the death of their minor son occasioned by a collision on a grade crossing between an automobile operated by deceased and one of defendant's trains. Among the issues on which plaintiffs submitted their case was the "humanitarian doctrine," while defendant's submissible defenses embraced contributory negligence of deceased. From a verdict for defendant, upon which judgment was entered, plaintiffs appealed, alleging error in the giving of instructions for defendant and conflicts between the instructions given on behalf of the respective litigants.

The issue turns on the sufficiency of the bill of exceptions filed in the trial court to preserve for review the alleged errors. Plaintiffs' bill of exceptions, allowed on an *ex parte* application, recited: "Plaintiffs introduced testimony tending to prove all the allegations of their petition. Defendant introduced testimony tending to prove all the allegations of its answer." Defendant, during the same term of court, filed a motion to set aside the order approving said bill of exceptions alleging in substance, among other grounds, that said bill of exceptions did not contain all or any part of the testimony introduced at the trial; that the appellate court cannot properly pass upon the merits of the cause without having before it all of said testimony; that said bill of exceptions did not comply with the statutes and did not comply with the rules relating thereto of the Kansas City Court of Appeals or the Supreme Court of Missouri; and that the appellate court cannot properly pass upon the instructions, including demurrers offered by the defendant at the close of plaintiff's testimony and again at the close of all the testimony, without having before it all of said testimony. This motion was overruled, and defendant filed its term bill of exceptions. Defendant thereafter filed in the Court of Appeals a motion to dismiss the appeal or affirm the judgment because, among other grounds, the evidence in the case was not preserved by the bill of exceptions; and because plaintiffs' assignments of error pertained solely to the giving of instructions and plaintiffs had not preserved in a bill of exceptions the evidence pertaining to any instructions given or refused.

Under these facts, the Court of Appeals applied Rule 8 of said court and held (following Good Roads Co. v. Kansas City Railways Co. (Mo. App.), 217 S. W. 858; and Montgomery v. Clem (Mo. App.), 300 S. W. 1020), the recitations in the bill of exceptions sufficient to preserve for appellate review the correctness of or conflict in the instructions; and, finding the instructions given on behalf. of defendant erroneous and in conflict with instructions given on behalf of plaintiffs, reversed the judgment and remanded the cause.

Rule 8 of the Kansas City Court of Appeals reads: "In actions at law it shall not be necessary, for the purpose of reviewing in this Court the action of any circuit court, or any other court having by statute jurisdiction of civil cases, in giving or refusing instructions, that the whole of the testimony given or excluded at the trial in the Court of first instance should be embodied in the bill of exceptions; but it shall be sufficient, for the purpose of such review, that the bill of exceptions should state that 'evidence tending to prove' a particular fact or issue was given, and that an exception was saved to the giving or refusal of the instruction founded on it."

The bill of exceptions in the Klene case [321 Mo. l. c. 165] stated: "The plaintiff introduced evidence tending to support the allegation of her petition." Defendant's demurrer was overruled and exceptions saved. This court said [321 Mo. l. c. 166]: "On this record, we are asked by appellant to consider and rule upon the correctness of the defendant's given instructions, numbered 2 to 9, inclusive. This cannot be done. *In attempting to perfect her appeal in this way, the plaintiff has failed to meet the plain requirements of the law*, and the condition of this record clearly illustrates the reasons for such requirements. By defendant's Instruction No. 2 the jury was told that 'there is no evidence in this case that the defendant's employees operating the train in question violated any city ordinance or any law in operating the train at an excessive rate of speed.' In other instructions challenged by plaintiff the trial court excluded from the consideration of the jury other items of negligence specifically alleged in the petition. Yet, the trial court signed and approved and ordered filed a bill of exceptions which states that—'The plaintiff introduced evidence tending to support the allegation of her petition.' Moreover, the record shows that the defendant demurred to plaintiff's evidence, duly excepted to the court's ruling thereon, and offered no evidence in its own behalf. With the plaintiff's evidence before us, we might conclude that notwithstanding the errors, if any, in defendant's given instructions, the demurrer should have been sustained, and that, therefore, the judgment, being for the right party, should be affirmed. The failure of the plaintiff to include a transcript of the evidence in her bill of exceptions deprived the defendant of the right to supplement the record by filing an additional abstract, and, in this situation, a consideration of the questions presented by plaintiff's appeal, would mean a review of defendant's instructions without reference to the evidence on which they were based, and a denial of defendant's right to a ruling on its demurrer in this court. These are rights which the defendant has not waived, and which it now insists should not be ignored." (Italics ours.)

A court may determine that given instructions are erroneous or in conflict without having the evidence before it. However, before

reversing the judgment any such error should constitute reversible error. The action of the trial court in overruling defendant's demurrer, submitting the case to the jury, and the jury's return of a verdict in favor of defendant was consistent with the statement in the bill of exceptions that there was evidence "tending to prove" the allegations of the pleadings of the litigants. Conceding the existence of errors in the instructions, in overruling plaintiff's motion for new trial and permitting the judgment to stand the trial court held the motion for new trial without merit notwithstanding these errors. Thereupon defendant's position became fortified by the judgment, and the burden was on plaintiffs to establish reversible error upon their appeal [O'Malley v. Heman Construction Co., 255 Mo. 386, 392, 164 S. W. 565, 566(5)]. If plaintiffs failed to make a submissible case, they were not entitled to recover in the trial court, or, in the appellate court, to have defendant's judgment reversed for any error not affecting their substantial rights [Sec. 821, R. S. 1929, Mo. Stat. Ann., p. 1090], or not materially affecting the merits of the action [Sec. 1062, R. S. 1929, Mo. Stat. Ann., p. 1352], or by reason of any default or negligence of any clerk or officer of the court or of the parties, or their attorneys, by which neither party shall have been prejudiced [Sec. 1099, R. S. 1929, Mo. Stat. Ann., p. 1388]. Absent a submissible case, error in or conflict between the instructions given on behalf of the respective litigants could not have prejudiced plaintiffs' rights (or lack of rights). In Bello v. Stuever (Mo.), 44 S. W. (2d) 619, 620(2); HYDE, C., after citing authorities, quotes from Trainer v. Sphalerite Mining Co., 243 Mo. 359, 370, 148 S. W. 70, 72, Ann. Cas. 1913C, 949, as follows: "In the practical administration of justice, it is a plaintiff who has a case, not one who has none, who has a real grievance on bad advice to the jury or on lame proof by his adversary. The logic of the matter, then, is that if on the facts of the record a court can say as a matter of law that the end reached at the trial was the only end that could be rightly reached, plaintiff cannot be injured (within the meaning of that word in the law) by improper testimony, or too favorable instructions for defendant. When well looked to this doctrine accords with good sense and the intendment of our statutes; for one statute prescribes that error to be reversible in a civil action must affect the *substantial rights of the adverse party* (R. S. 1909, sec. 1850 [now 821, R. S. 1929]); and another that reversible error in a civil case is error *materially affecting the merits*. Id. Sec. 2082 [now 1062, R. S. 1929]." Plaintiff's bill of exceptions overcomes obstacles with unjustifiable facility. The failure of the bill to include a transcript of the evidence prevented defendant from filing an additional abstract of the evidence under Section 1028, Revised Statutes 1929 (Mo. Stat. Ann., p. 1310), and securing a review of the instructions in the light of the evidentiary facts. With the presumption of right

action attending the judgment and the burden of establishing reversible error on plaintiffs, a conclusion that the errors in the instructions necessitated reversing the judgment was not warranted, under the ruling in the Klene case, on the skeleton bill of exceptions here subject to review and not agreed upon by the litigants; as with the evidence before it the Court of Appeals might have concluded the judgment was for the right party. [See, for instance, the reasoning in Lower v. Marceline Coal & Mining Co., 142 Mo. App. 351, 126 S. W. 987.]

The Klene case (321 Mo. l. c. 167), after setting forth our Rule 6, holds the provisions therein for a skeleton or abbreviated transcript of the evidence to enable this court to review the giving or refusing of instructions in the trial court relate to statements in the abstract of the record filed here and not recitals in the bill of exceptions. We approve the ruling and the reasons given in support thereof. It harmonizes with the case and statutory law of the State. Discussing a skeleton bill of exceptions calling for the insertion of parol testimony, Tipton v. Renner, 105 Mo. 1, 5, 16 S. W. 668, states: "It is perfectly plain that he [the trial judge] cannot sign a bill as a true one until the parol evidence is written out and made a part thereof. He ought not to sign it until this is done, and, if he does sign the bill before such evidence is written out and inserted, the evidence must be disregarded in this court."

■ We are not unmindful of the language in Clark v. Union Iron & Foundry Co. (en banc—1911), 234 Mo. 436, 447, 137 S. W. 577, 580(1), to the apparent effect that under our Rule 6 it is not necessary for the bill of exceptions to preserve the evidence where the object of the appeal is to have this court review the action of the trial court in giving and refusing instructions, and that a skeleton bill of exceptions (substantially as presented in this case) is sufficient for that purpose. Examining the files of the Clark case in this court, we are of the opinion the statements must be held *dictum* insofar as they may be interpreted to refer to a bill of exceptions filed in the trial court, because: First. Respondent's brief and argument attacked the sufficiency of the "abstract" but presented no issue going to the sufficiency of the "bill of exceptions." Appellant Clark's "Abstract of Record" denominated that portion thereof relating to the bill of exceptions "Bill of Exceptions in Abstract;" and, after stating the effect of the evidence and setting forth certain instructions, closed "The above is an abstract of said bill of exceptions and record in said cause." Second. Clark had sued the St. Louis & Suburban Railway Company and Union Iron & Foundry Company jointly. Upon trial as to both defendants before the same jury, verdict and judgment went against defendant Railway Company and in favor of defendant Iron & Foundry Company. The Railway Company appealed from the judgment in favor of plaintiff

against it and plaintiff appealed from the judgment in favor of the Iron & Foundry Company against him. Although the appeals in the Clark case were docketed here as one case under one docket number, we find separate opinions on each appeal, the opinion on the Railway Company's appeal appearing in 234 Mo. 396, 137 S. W. 583. Trial in the Clark case was had December 12, 1906. In Walsh v. Southwestern Bell Tel. Co. (1932), 331 Mo. 118, 122(2), 52 S. W. (2d) 839, 840(3, 4), Division One of this court held, upon an identical situation so far as the appeal is concerned, that cross appeals by more than one party do not make separate cases in the appellate court; that the case retains its unity throughout and is only one case in the appellate court; that it should be so docketed, and that the record should be prepared and presented on that theory and only one transcript or abstract of the record filed (construing Sec. 1032, R. S. 1929, Mo. Stat. Ann., p. 1325,—Sec. 876, R. S. 1899, unchanged in subsequent revisions—providing, on cross appeals, a transcript or abstract of the record filed in the appellate court by either litigant may be used on both appeals in the same manner as if transcripts or abstracts had been filed by both sides). Appellant St. Louis & Suburban Railway Company filed in this court a complete abstract of the proceedings in the trial court. After setting forth the pleadings, the opinion on the Iron & Foundry Company's appeal (234 Mo. l. c. 445) states: ''The following statement of the case made by counsel for appellant is a brief, clear and *correct statement thereof, as disclosed* by this record.'' (Italics ours.) The opinion then quotes the statement in appellant Clark's brief. Whether that statement be considered as a statement of the facts embodied in the pleadings or as a statement of the facts disclosed by the evidence (see the statement of facts in the opinion on the Railway Company's appeal), we think, since the court had before it the evidence adduced and the instructions given on behalf of plaintiff and each defendant in the appellant Railway Company's abstract (practically a transcript of the trial proceedings) that the statements referred to were not, under the facts there existing and the law, essential to a determination of the issue; and, hence, *dictum* and not binding.

The opinion of the Court of Appeals (79 S. W. (2d) l. c. 1060) states: ''Since, in the case at bar, there is no *contention* that there is 'no evidence' to support any fact in controversy, we will confine our examination to our Rule 8, since the other two rules, 9 and 10, have to do with that situation only.'' Rule 9 of said court provides, in substance, that if the trial court be of opinion there is evidence tending to prove a fact, the bill of exceptions shall be allowed in the form stated in Rule 8 (quoted, supra), and the other party is then at liberty to prepare a bill of exceptions embodying the testimony applicable to such fact, and except to the

224

opinion of the court that it tends to prove such fact. The rules contemplate two bills of exceptions; one allowed appellant under Rule 8, another allowed respondent under Rule 9. The Court of Appeals' statement appears to be based on the failure of defendant to file the bill of exceptions contemplated by its Rule 9. In construing the provision ''all exceptions taken during the trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions''—of Section 1009, Revised Statutes 1929 (Mo. Stat. Ann., p. 1008), this court said: ''The purpose of this statute is to require all exceptions taken by either party during the trial of a cause to be included in one bill. 'The law now allows only one bill of exceptions.' '' [Manthey v. Kellerman Contracting Co. (en banc), 311 Mo. 147, 155, 277 S. W. 927, 929(1), applying the rule upon an appeal from an order granting a new trial.] The statute refers to exceptions taken during the trial of a cause or issue before the *same jury.* [See Smith v. Ohio Millers Mut. Fire Ins. Co. (en banc), 320 Mo. 146, 166, 6 S. W. (2d) 920, 926; Dean v. Wabash Railroad Co., 229 Mo. 425, 439, 129 S. W. 953, 956.] That situation prevailed in the instant case, and the rule of law announced in the Manthey case is applicable.

The opinion of respondents and record pursuant thereto are quashed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.