HENRY V. BEDSAUL, Appellant, v. EMORY FEEBACK and WILLIAM FEEBACK.—106 S. W. (2d) 431.

Division Two, June 21, 1937.*

---

*NOTE: Opinion filed at September Term. 1936, April 21. 1937; motion for rehearing filed; motion overruled at May Term, 1937, June 21, 1937.

*Robert F. McKinstry, Will H. Hargus* and *Martin J. O'Donnell* for appellant.

*Cowgill & Popham* and *John F. Cook* for respondents.

52

WESTHUES, C.—Appellant, plaintiff below, sued respondents to recover $20,000 in damages for personal injuries alleged to have been sustained in a collision between a truck driven by plaintiff and a truck belonging to the respondents. A trial resulted in a verdict and judgment for respondents, defendants below, and plaintiff appealed.

Respondents filed a motion to dismiss this appeal on the ground that appellant failed to file, in the circuit court, a bill of exceptions

containing a full transcript of the evidence. The bill of exceptions filed does not contain a transcript of the evidence but instead contains the following recitation:

"The Plaintiff, in person, testified as a witness and called other witnesses and offered evidence tending to prove each and every allegation set forth in the plaintiff's petition and at the conclusion of said evidence the defendant asked an instruction in the nature of a demurrer to said evidence, which was by the court refused.

"At the close of all of plaintiff's evidence defendants demur specially and generally to the evidence and request the court to direct the jury to return a verdict for defendants.

"(1) Because under the pleadings and the evidence and as to each ground of recovery alleged, plaintiff cannot recover, and

"(2) Because plaintiff is guilty of contributory negligence as a matter of law barring recovery.

"Thereafter, the defendants introduced evidence tending to support each and every allegation set forth in the answer and at the conclusion of the said evidence for the defendant the plaintiff offered evidence in reply tending to support the allegations of the reply.

"And thereupon the defendant requested an instruction in the nature of a demurrer to the evidence, which was by the court refused.

"Now again at the close of all the evidence defendants again offer the following general and special demurrer to the evidence and request the court to direct the jury to return a verdict for defendants

"(1) Because under the pleadings and the evidence and as to each ground of recovery alleged, plaintiff cannot recover, and

"(2) Because plaintiff is guilty of contributory negligence as a matter of law barring recovery.

"And thereupon the plaintiff requested the following instructions, which were by the court given to the jury:"

With the exception of omitting the evidence as above indicated the bill of exceptions is complete. At the end thereof we find the following:

"We Hereby Consent that the foregoing is a true and correct bill of exceptions taken and saved on behalf of the plaintiff, Henry V. Bedsaul, herein, and agree that the same may be signed, filed and made a part of the record in this cause.

> "Robert F. McKinstry,
> "Silvers & Hargus,
> "Will H. Hargus,
>> "Attorneys for Plaintiff.
> "Roy Schubert,
> "Crouch & Crouch,
> "Cowgill & Popham,
>> "Attorneys for Defendants."

Respondents in support of their contention cite a number of cases, among them the case of Klene v. St. Louis-San. F. Ry. Co., 321 Mo. 162, 9 S. W. (2d) 950. We examined the files in the above case and found that the respondent, the defendant in the case, did not agree to the bill of exceptions that was filed by the plaintiff, the losing party. Respondent, therefore, did not agree to the recitation in the bill of exceptions that there was evidence to sustain the plaintiff's cause of action. The defendant insisted that plaintiff had not made a submissible case. This court ruled, and correctly so, that the correctness of instructions given and refused could not be reviewed, because if plaintiff had not introduced evidence sufficient to support a verdict the correctness of the instructions would be immaterial, and since the appellant did not embody a transcript of the evidence in the bill of exceptions filed in the circuit court respondent was in no position to furnish this court with an additional abstract of the record.

In the case before us the respondents, by signing and agreeing to the bill of exceptions as filed, agreed that there was evidence introduced at the trial to support the allegations of plaintiff's petition. No mention was made in the bill of exceptions that the evidence disclosed plaintiff had been guilty of contributory negligence as a matter of law. If respondents were not satisfied with the bill of exceptions they should not have signed and agreed that it was correct. Having so agreed they cannot now on this appeal renounce that agreement. We must, therefore, deny the motion to dismiss the appeal.

The case, therefore, is before us upon the basis that plaintiff introduced evidence to sustain the allegations of the petition, and that the defendants introduced evidence to sustain the allegations of their answer. A jury returned a verdict for the defendants. Appellant contends that a number of instructions, given at defendants' request and over his objection, were erroneous. Without having before us in narrative form, or otherwise, any of the evidence introduced at the trial we cannot condemn any instruction given unless it was erroneous as a matter of law on any possible theory consistent with the allegations in the pleadings.

Insofar as they are pertinent to the issues on this appeal the facts, as stated in plaintiff's petition, are as follows:

"Plaintiff further states that on the 4th day of July, 1933, at about 3:30 o'clock A. M., on said date the defendants negligently stopped and parked a certain motor truck, or motor-driven vehicle, owned and controlled and parked, headed in an easterly direction, at said time and place, by the defendants on the paved or travel portion of said Highway No. 50, and on the right hand or south part thereof, without lights, at the interesection of said Highway No. 50 and Buckner-Tarsney Road, just slightly past the top of a certain hill at

said intersection, where trucks and automobiles traveling in an eastwardly direction at said place could not see said truck so parked at said time and place, in the nighttime, and plaintiff, at all times herein mentioned was lawfully driving a certain motor truck eastwardly on said Highway No. 50, at said intersection on said hill, in the exercise of due care for his own safety, and just as plaintiff passed the top of said hill plaintiff, and plaintiff's truck, were negligently caused by defendants to suddenly collide with defendants' said truck, which was unlawfully parked on said paved part of said Highway No. 50, as aforesaid, without lights, guards, lookouts, or warning, at a point on said highway where vehicles traveling eastwardly at said intersection and on said hill, including plaintiff's truck, could and plaintiff's truck did suddenly come in contact with defendants' said truck, in the dark of night, and by reason and on account of said collision directly caused by the carelessness and negligence of the defendants received the following permanent and painful injuries, to-wit:''

The answer of defendants reads as follows:

''For answer to the first amended petition herein Defendants deny every allegation therein contained. Further answering Defendants allege that at the time and place complained of Plaintiff failed to use the highest degree of care to so drive the motor truck he was driving as to prevent a collision, drove same at a negligent and dangerous speed, failed to keep a careful and vigilant lookout ahead, failed to slacken or moderate the speed thereof, and negligently diverted his attention and engaged in talking to his companion; and they further allege that as he approached the point of collision he was blinded by bright lights on a car approaching him from the opposite direction and could not see ahead normally within the usual range of his headlights, and that notwithstanding such increased danger he failed to use due care commensurate with the circumstances, failed to so slacken the speed of said truck as to enable him to see the truck ahead, and to turn aside and avoid striking same, but negligently and heedlessly with his visibility so impaired, failed to timely quit feeding gas to said truck until he saw the truck ahead of him a few feet away or to timely apply his brakes, and that plaintiff in the aforesaid respects negligently helped to cause said collision and directly contribute to his alleged injuries, and but for which he would not and could not have been injured, if he was injured, and Defendants plead said facts in bar of this action.'' .

Instruction No. B, given at defendants' request, submitted to the jury the question of plaintiff's contributory negligence. Appellant conceded in his bill of exceptions that defendants produced evidence to sustain this instruction. The plea of contributory negligence was available to the defendants even though defendants were

guilty of a violation of the law by parking a truck on a highway in the nighttime without lights. [Higgins v. Medart Patent Pulley Co., 240 S. W. 252, l. c. 255 (4, 5); Simpson v. Witte Iron Works Co., 249 Mo. 376, 155 S. W. 810, l. c. 812.] The contention of appellant, that the plea of contributory negligence was not available to the defendants, must, therefore, be denied.

Appellant asserts that Instruction C, given at defendants' request, was erroneous because by it the court instructed the jury that even if defendants were negligent, yet, if plaintiff "continued to drive his truck forward when he could not see" as a result of lights on another approaching car, then he could not recover. The instruction reads as follows:

"The Court instructs the jury if you believe from the evidence that as Plaintiff went over the crest of the hill he became blinded by bright headlights ahead and was unable to see ahead on the highway within the usual range of his headlights, then it became and was his duty to use the highest degree of care commensurate with the circumstances to so moderate the speed of his truck as to avoid driving his truck over and along any part of said highway that he could not see, and if you believe from the evidence that he failed so to do and continued to drive his truck forward when he could not see where he was driving and drove his truck as he approached and neared the point of collision at a dangerous speed under the conditions then and there existing, if so, and that he thereby directly contributed to said collision, if you so find, then your verdict must be for Defendants, regardless of whether you believe Defendants were or were not negligent."

We are of the opinion that appellant's contention must be sustained. To say that a driver of a car is guilty of negligence, as a matter of law, every time he fails to slacken the speed of his car, or stop, when his visibility is only momentarily shortened by the lights of an approaching automobile, is indeed a dangerous doctrine. There seems, however, to be a conflict of authority upon this question. [See 42 C. J. 851, etc., secs. 521, 522, 523, and cases cited.] Circumstances, however, alter cases. In the case before us the collision occurred at night while plaintiff was proceeding east upon highway number fifty, which is known as a much-traveled road. Plaintiff had every reason to believe that absent lights ahead he had an unobstructed roadway. The case of Mitchell v. Dyer, 57 S. W. (2d) 1082, l. c. 1083, is cited as an authority by respondents. That case, however, merely holds that such a fact, that is, a light blinding plaintiff, may be taken into consideration by the jury in determining whether the plaintiff was negligent in not stoping his car. In the case of Murphy v. Hawthorne (Ore.), 244 Pac. 79, 44 A. L. R. 1397, l. c. 1400, the court said:

"Each case must be considered in the light of its own peculiar state of facts and circumstances. After all, the test is, what would an ordinarily prudent person have done under the circumstances as they then appeared to exist? Can we say that all reasonable minds would reach the conclusion that plaintiff failed to exercise due care to avoid this collision? We think not. Plaintiff had a right to assume, in the absence of notice to the contrary, that defendant would not put this dusty, gray-colored truck on the highway after dark without displaying a red light on the rear thereof. If the truck had been lighted, the jury might well have drawn the reasonable inference that plaintiff would have been able to avoid striking it."

In the annotations to the case in American Law Reports, cases will be found supporting the theory as contained in the instruction under consideration. Three cases from our Courts of Appeals are there cited, one from each court. In Solomon v. Duncan, 194 Mo. App. 517, 185 S. W. 1141, the St. Louis Court of Appeals held that a driver of a car was guilty of negligence, as a matter of law, when he drove on a misty night at such a speed that he could not stop within the distance of visibility and in time to avoid striking an obstruction in a street. In Ross v. Hoffman, 269 S. W. 679, the Kansas City Court of Appeals took the opposite view. The facts upon the point in question were similar. The Springfield Court of Appeals in Powell v. Schofield, 15 S. W. (2d) 876, where the facts were similar to the facts in the case now before us, pointed out the fallacy of the hard and fast rule that a driver of a car is negligent, as a matter of law, when he fails to slow down when blinded by the lights of an oncoming car. Note what the court said:

"Should we adopt the rule that the operator of an automobile traveling at night, in the exercise of the highest degree of care, must, as a matter of law, immediately stop his car or have it under such control that he can stop within the range of his vision, upon becoming blinded by the headlights of an approaching car? That is the rule adopted in many cases, and there is much sound reason in favor of it. We think those cases, however, fail to take into consideration the utter impracticability of such a rule. Near any city on our main highways the driver of a car will ordinarily meet an almost unbroken line of cars coming toward him at night. If he attempted to stop for each blinding headlight, he would no sooner overcome one 'blind spot' than another would appear. He would be compelled to stop and start unceasingly. Such method of operating his car would not necessarily obviate danger. Other drivers following him may likewise be blinded and hit the stopped car from the rear."

The above cases from our Courts of Appeals were discussed by this court, Division One, in the case of Sheffer v. Schmidt, 324 Mo.

1042, 26 S. W. (2d) 592, 1. c. 596, 597 (1, 2). If we interpret the opinion correctly it was there intimated, but not directly decided, that the rule followed by the Springfield Court of Appeals was correct. As we said before, circumstances alter cases. There is a vast difference in the circumstances where in the one case, as in Solomon v. Duncan, supra, the driver's vision was continuously obstructed by atmospheric conditions, such as mist or fog, and in another case, as in Powell v. Schofield, supra, where the driver's vision was only momentarily impaired by the lights of an oncoming car. In 5 Amer. Jurisprudence, page 892, section 726, the rule is thus stated:

"The issue as to whether a person operating a motor vehicle was contributorily negligent, where he continued to drive while blinded by the glare of the headlights of an approaching vehicle, and met with an accident, is ordinarily one within the province of the jury to decide in the absence of specific statutory authority to the contrary, unless the facts and circumstances surrounding the accident are not in dispute, and the inferences that may be drawn therefrom do not conflict."

Certainly, under the weight of authority and under the rules ordinarily followed in negligence cases, the question in the case before us, of whether plaintiff failed to exercise the highest degree of care under the attending circumstances, when he was momentarily blinded by the lights of an approaching car, should have been left to a jury.

For the error indicated the case is reversed and remanded for trial. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.