ROY LAY AND BERTHA LAY, APPELLANTS, v. W. W. POLLOCK MILLING COMPANY, RESPONDENT.—138 S. W. (2d) 754.

Kansas City Court of Appeals. April 1, 1940.

*Paul C. Sprinkle, Sprinkle & Knowles* and *Murrell & Murrell* for respondent.

*Philip J. Fowler* for appellants.

BLAND, J.—We learn from the petition that this action is a suit for wrongful death, arising out of a collision between an automobile in which the son of the plaintiffs was riding, and a truck owned by the defendant. The collision occurred on Highway No. 63 near Kirksville, the petition alleging that the automobile ran into the truck as a result of the action of the defendant's agent and servant, who, in operating the truck "carelessly and negligently stopped or nearly stopped on the traveled portion of said highway."

There was a verdict and judgment in favor of plaintiffs in the sum of $6000; but the court sustained defendant's motion for a new trial on the ground, as claimed by plaintiffs, that it erred in giving plaintiffs' Instruction No. (c). This instruction was on the measure of damages and told the jury that if, they found for the plaintiffs, in assessing their damages the jury should allow compensatory damages and "also having regard for the mitigating and aggravating circumstances, if any, attending the wrongful act of defendant."

The sole point raised by the appellants in their brief is that the court erred in granting a new trial on the ground that it erred in the giving of plaintiffs' Instruction C.

Respondent has filed a motion to dismiss the appeal for the reason

that the appellants did not file, in the trial court, a bill of exceptions containing any or all of the testimony introduced at the trial.

On an examination of the abstract filed here by the appellants we find a heading "General Statement of Evidence." Thereafter appears a recitation that there was evidence which tended to prove various facts set out in the abstract. The evidence thus disclosed is contained in slightly over two pages of the abstract. At the end of the entire part of the "General Statement of Evidence," which includes, not only matters that we have alluded to, but what purports to be instructions of the court and a motion for a new trial, a certificate appears, signed by the Judge, stating that "the foregoing" is a true and correct copy of the bill of exceptions of the evidence set out *in accordance with Rule 8 of this court*. Rule 8 reads as follows:

"In actions at law it shall not be necessary, for the purpose of reviewing in this court the action of any circuit court, or any other court having by statute jurisdiction of civil cases, in giving or refusing instructions, that the whole of the testimony given or excluded at the trial in the court of first instance should be embodied in the bill of exceptions; but it shall be sufficient, for the purpose of such review, that the bill of exceptions should state that 'evidence tending to prove' a particular fact or issue was given, and that an exception was saved to the giving or refusal of the instruction founded on it."

The "General Statement of Evidence," as submitted by the appellants, does not comply with the statute, section 1009, Revised Statutes 1929, providing that but one bill of exceptions shall be filed in the trial court. There can be but one bill of exceptions notwithstanding rules 9 and 10 of this court. [Manthey v. Kellerman Contracting Co., 311 Mo. 147; State ex rel. v. Shain, 89 S. W. (2d) 654, 658.] Rule 8 permitting the bill of exceptions to state that there was evidence "tending to prove" a certain fact or issue has reference to the abstract of the bill of exceptions to be filed in this court and not the original bill of exceptions to be filed in the circuit court. [State ex rel. v. Shain, *supra*.] There being but one bill of exceptions permitted to be filed, which is required to contain all of the testimony, appellant cannot file a bill of exceptions containing only that part of the testimony which he claims has a bearing on the issue to be raised in the appellate court. If appellant were permitted to do this he could deprive respondent of any opportunity to furnish the appellate court an additional abstract of the record showing that there was other testimony bearing upon the issue throwing a different light on the controversy. [State ex rel. v. Shain, *supra*, 1. c. 657.]

In addition to this, the motion for a new trial complains of the giving by the court of other of plaintiffs' instructions, the refusal of defendant's instruction in the nature of a demurrer to the evidence offered at the close of the entire case and other alleged errors.

Judgments are not reversed for mere errors but only for reversible errors. If plaintiffs failed to make a submissible case, the motion for a new trial should have been sustained even though plaintiffs' instruction C contained no error. Judgments may not be reversed for any error not affecting the substantial rights of the losing party (section 821, R. S. 1929, Mo. Stat. Ann., par. 821, p. 1090), or not materially affecting the merits of the action (section 1062, R. S. 1929, Mo. Stat. Ann., par. 1062, p. 1352), or by reason of any default or negligence of any clerk or officer of the court or of the parties, or their attorneys, by which neither party shall have been prejudiced (section 1099, R. S. 1929, Mo. Stat. Ann., par. 1099, p. 1388). [State ex rel. v. Shain, *supra*, l. c. 656, 657; Klene v. Ry., 321 Mo. 162.] In the absence of a bill of exceptions containing all of the evidence, we are in no position to ascertain whether there was reversible error in the giving of plaintiffs' Instruction C, assuming that there was error of any kind committed in connection with the matter, as respondent is in no position to show to the court that there were other errors in the trial which would have required the court to grant a new trial, in any event.

Narrative form bills of exceptions are permitted to be filed in trial courts; but appellants' "General Statement of Evidence" is not a narrative form bill of exceptions, within the meaning of that term. [Harrington v. Interstate Sec. Co., 57 S. W. (2d) 438.]

Under the circumstances, it seems to be the proper procedure to dismiss the appeal. [Klene v. Ry. Co., *supra*, l. c. 167.] The motion of the respondent to dismiss the appeal is, therefore, sustained. All concur.