**Arthur F. BEAVER (Plaintiff), Respondent,**

v.

**Frank WILHELM and Dallas H. Dwiggins (Defendants), Appellants.**

No. 30185.

St. Louis Court of Appeals.
Missouri.
Feb. 17, 1959.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for appellants.

Michael B. Gershenson, St. Louis, H. K. Stumberg, St. Charles, for respondent.

ANDERSON, Judge.

This is a negligence action wherein plaintiff, Arthur F. Beaver, sought to recover for injuries to his person and for the damage to his automobile alleged to have resulted from a collision between said automobile and a truck owned by defendant

Frank Wilhelm, which truck was alleged to have been parked by Wilhelm's employee, defendant Dallas H. Dwiggins, in such a manner that the rear end extended onto the highway over which plaintiff was proceeding. The trial resulted in a verdict and judgment in favor of plaintiff and against both defendants in the sum of $4,250. From said judgment defendants have appealed, contending that the trial court erred in failing to direct a verdict for defendants for the reason that plaintiff was guilty of contributory negligence as a matter of law.

In determining the issue before us we must view the evidence in the light most favorable to plaintiff. Contributory negligence as a matter of law must appear in plaintiff's case or be established by evidence on the part of defendant which is binding on plaintiff or which plaintiff concedes to be true. Pfeiffer v. Schee, Mo. App., 107 S.W.2d 170; Slates v. Joplin Butane Gas Co., Mo.Sup., 315 S.W.2d 808; Creech v. Riss & Co., Mo.Sup., 285 S.W.2d 554. Reviewing the case in the light of the above rule, we find the following facts disclosed by the record.

The collision occurred about 12:36 a. m. March 15, 1953, on Highway 94. The travel portion of said highway is 18 feet wide, is paved with black-top, and runs in a southwesterly direction from the City of St. Charles. Plaintiff at the time was on his way home from work and immediately prior to the accident and at the time of the collision was traveling 25 or 30 miles per hour. The wheels on the righthand side of plaintiff's car as he proceeded along said highway were approximately 2 or 2½ feet from the righthand edge of the pavement. The night was clear and the pavement dry. There were two sharp curves in the highway just east of the point where the collision occurred. The first curve was to the right, followed by a short straight stretch, then by a curve to the left. These curves were fairly abrupt. In fact, plaintiff testified: "They could almost be termed as a turn instead of a curve." The length of the straight stretch is not shown.

Near the scene of the accident and on the north side of the highway was a tavern known as Lakeside Inn, sometimes referred to as Sportsman's Inn. Defendant Dwiggins on the night in question went to this tavern driving a three-quarter-ton Ford pick-up truck. Dwiggins testified that he parked this truck on the shoulder of the highway, but there was evidence introduced by plaintiff from which the jury could have found that the truck was parked at an angle on the righthand side of the highway without lights, with its left rear wheel or left side of the bed of said truck extending two and one-half to three feet onto the paved portion of the highway. The truck was parked between two other cars parked on the shoulder of the highway and parallel thereto. There were no lights around the area where the truck was parked except at a small Stag Beer sign about 50 or 60 feet west of the point of collision. The truck was light gray or tan in color, was splattered with plaster, and very dirty.

Plaintiff's testimony was that he completed the right turn and thereafter, as he proceeded toward the left turn, he was blinded by the headlights of an automobile traveling in the opposite direction, toward St. Charles, at a speed in excess of 25 or 30 miles per hour; that after this car passed, he collided with the truck in question. The collision occurred as he was entering the left turn. On direct examination plaintiff testified that he did not know exactly how many feet he traveled after being blinded until the accident occurred, but stated that: "It was a very short distance * * * about fifty feet." On cross-examination, he testified that the distance was "less than 100 feet. * * * It could have been 25 feet. * * * It was all so sudden, I don't know exactly how far it was." When further questioned, plaintiff gave the following testimony:

"Q. Now getting back to the distance from the point of impact, where you passed this eastbound car, your best judgment is that it was around

100 feet, is that what you want the jury to accept? A. I don't know exactly.

"Q. Well, your best judgment—your best estimate? A. That would be close.

"Q. 100 feet that you were back from the point of impact when you passed this eastbound car and it passed you? A. Approximately."

He further testified: "My lights never picked up the truck and never shined on it. I never saw the truck until after the impact—until after they hit." Plaintiff had seal beam headlights on his car which were in good condition. He testified that he did not know how far ahead the headlights would reveal an object, and stated that in a previous trial of this case he may have testified they would reveal an object ahead for a distance of 500 feet; on this trial he stated he did not know the distance, but that it could be two or three hundred feet. When pressed, he stated he thought the headlights would reveal an object 300 feet away. Plaintiff further testified that the blinding cleared up almost instantly. Plaintiff's Exhibit 4, a photograph of the truck, shows two reflectors on the rear of the truck. The left rear corner of the truck was damaged by the collision. The damage to the plaintiff's car was to the right front wheel and right fender. The right front wheel was knocked completely loose and the fender pushed back, with the right front axle down on the pavement. After the impact his car was stopped on the highway with its right side about two feet from the right edge of the pavement, facing straight ahead on the highway. Plaintiff further testified he believed he could have stopped his car in less than 100 feet, and that the steering apparatus of his car was in good condition. The debris resulting from the collision was located on the right side of the pavement, two or three feet from the right shoulder of the highway. The nearest part of the truck after the impact was about four feet from the edge of the highway.

The point made by the appellants is that defendants' motion for a directed verdict should have been sustained because the evidence clearly showed that plaintiff was guilty of contributory negligence in failing to see and avoid the truck. In our judgment, there is no merit to this contention. Plaintiff was proceeding along the highway at a moderate rate of speed and, in the absence of any light on the truck in question, had every reason to believe that he had an unobstructed roadway. Bedsaul v. Feeback, 341 Mo. 50, 106 S.W. 2d 431; Haley v. Edwards, Mo.Sup., 276 S.W.2d 153.

The truck in question was located at the beginning of the left turn in the highway and for some time prior to the collision plaintiff was blinded by the lights of the on-coming car. During that time, and until this car had passed, a finding that plaintiff could not see the truck parked without lights on the highway would be a reasonable deduction from the evidence. After the eastbound car passed a period of time would elapse before plaintiff's normal vision would be restored. The first thing a driver would do under such circumstances would be to check his position on the highway with reference to the edge of the pavement, then look forward for any obstruction that might be encountered. According to the plaintiff's testimony he traveled approximately 100 feet to the point of impact after the eastbound car had passed. Going at 30 miles per hour he would cover this distance in approximately two and one-third seconds. Under this situation, the question of plaintiff's contributory negligence was undoubtedly for the jury. The court did not err in refusing defendants' motion for a directed verdict. Weaver v. Stephens, Mo. App., 78 S.W.2d 903; Haley v. Edwards, Mo.Sup., 276 S.W.2d 153; Bedsaul v. Feeback, 341 Mo. 50, 106 S.W.2d 431; Pfeiffer v. Schee, Mo.App., 107 S.W.2d 170.

The judgment is affirmed.

RUDDY, P. J., and WOLFE, J., concur.